UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTIAGO MANUEL A., individually
and on behalf of SA,

      Plaintiff,

v.                                        Case No: 2:13-cv-781-FtM-29CM

DALE JAMISON, BRIAN BOTTS,
EDISON STATE COLLEGE and
SCHOOL BOARD OF LEE
COUNTY,

      Defendants.

## ORDER

Before the Court is Plaintiff *pro se* Santiago Manuel A.'s Response to Defendants' Compliance Notice Electronically Filed in Court (Doc. 76) filed on August 13, 2014, which the Court construes as a Motion for Reconsideration of its August 11, 2014 Order denying Plaintiff's Motion for Objection to Take Deposition.  Doc. 73.  Plaintiff asserts that Defendants have not complied with the August 11, 2014 Order, which directed Defendants to issue an amended notice of deposition to Plaintiff and SA in compliance with Federal Rule 30(b)(3) on or before August 13, 2014.  Doc. 73.  Therefore, he requests that this Court grant his previous request to not attend the depositions of himself and SA scheduled for August 15, 2014.  Doc. 70.

On August 12, 2014, Defendants filed a Notice of Compliance with the Court's August 11, 2014 Order (Doc. 74), informing the Court that they had previously amended the Notices of Deposition on August 7, 2014 in compliance with Federal

Rule 30(b)(3), which were furnished to Plaintiff via regular mail and email. Plaintiff is alleging that he never received an email with the amended notices.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. *Carter v. Premier Rest. Mgmt.*, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).

Reconsideration is not warranted in this case. Plaintiff and SA were provided the amended notices in compliance with this Court's Order. Even if Plaintiff did not receive the amended notices via email, they were mailed to him on August 7, 2014. *See* Docs. 74-1, 74-2 at 2. As the Court previously stated in its August 11, 2014 Order, the Court sees no reason to delay the depositions. **Plaintiff and SA are cautioned that failure to attend their depositions on August 15, 2014 could result in sanctions being entered against them, including the costs incurred by Defendants for their failure to appear.** *See* Fed. R. Civ. P. 37(d).

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Reconsideration (Doc.76) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of August, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties