UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTIAGO    MANUEL    A.,
individually  and  on  behalf
of SA,

     Plaintiff,

v.                                   Case No: 2:13-cv-781-FtM-29CM

DALE    JAMISON,    Teacher
(Edison    Collegiate   High
School, Lee Campus), BRIAN
BOTTS, Dr., School Principal
(Edison    Collegiate   High
School, Lee Campus), EDISON
STATE  COLLEGE,  Lee  Campus,
and  SCHOOL  BOARD  OF  LEE
COUNTY,

     Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant
Edison State College's, Motion to Dismiss, Motion to Strike (Doc.
#20), defendant School Board of Lee County's, Motion to Dismiss,
Motion to Strike (Doc. #21), and defendant Dale Jamison's and Brian
Botts' Motion to Dismiss, Motion to Strike (Doc. #22), all filed
on January 23, 2014.  Plaintiff filed a Memorandum of Law in
Opposition (Docs. ## 28-31) to each of the motions on February 10,
2014.

Also before the Court is defendants' Objection Pursuant to Rule 17(a)(3) (Doc. #68), and plaintiff's Response in Opposition (Doc. #75).  The issue of Manuel A. Santiago's ability to proceed on behalf of his son will be addressed in the first instance.

### I.

In federal courts, an individual has the right to proceed either *pro se* or through counsel, and therefore Manuel A. Santiago (plaintiff or Santiago) may proceed on his own behalf.  28 U.S.C. § 1654.  Under Federal Rule of Civil Procedure 17, certain representatives may also sue on behalf of a minor, or the minor may sue by a next friend or through a guardian ad litem who is appointed by the court.  Otherwise, "an action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a), (c).  A non-lawyer parent has no right to represent a child in the child's name.  Whitehurst v. Wal-Mart, 306 F. App'x 446, 449 (11th Cir. 2008)(citing cases).

In this case, Santiago brought the suit individually and on behalf of S.A., his son who was a minor at the time of filing but is no longer a minor.  It is clear that Santiago may bring suit on his own behalf and as to his own damages.  Santiago, however, may not bring suit on behalf of his minor son; further, now that the son is no longer a minor, plaintiff cannot represent him because he is not authorized to practice law.  If plaintiff's son wishes to join the case with regard to his own claims, he may do so by

signing an amended pleading and setting forth the allegations of his own damages.  If not, the case will proceed as to Santiago only.  The objection is sustained, and the Complaint dismissed without prejudice as to the child.

## II.

### A. Complaint - Generally

As a preliminary matter, the Court notes that the Complaint (Doc. #1) is a shotgun pleading and due to be dismissed on this basis.  "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008)(collecting cases).  Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial. Byrne v. Nezhat, 261

F.3d 1075, 1130 (11th Cir. 2001).  Therefore, the Complaint will
be dismissed without prejudice to amending on this basis.

### B. Motions to Strike

Defendants each also seek to strike the allegations with
regard to defendant Dale Jamison's past criminal history as
irrelevant and scandalous pursuant to Fed. R. Civ. P. 12(f).
Plaintiff argues that striking the allegations would be
inappropriate because the Complaint involves a minor child, and
his safety.   Whether Dale Jamison has a criminal record is
irrelevant because it is immaterial to the ultimate issue of
whether Jamison or the other defendants took actions in a
discriminatory manner to exclude S.A. from participation in an
activity receiving to federal financial assistance.   Whether the
school failed to create a safe environment for students in
violation of a school policy is not the basis for any of the claims
against defendants.   The motion to strike by Dale Jamison will be
granted.   The motions to strike filed by the remaining defendants
will be denied as the allegations are not directed at them.

### III.

### A. Standard of Review – Motions to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint
must contain a "short and plain statement of the claim showing
that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
This obligation "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**B. Factual Allegations**

Taking all the allegations as true, "S.A.", plaintiff's son, is a Cuban American who was a senior student at Edison Collegiate High Charter School, Lee Campus (Edison), a public charter high school operated by Edison State College. S.A. was an excellent student with no previous instances of disciplinary actions. Defendant Dale Jamison (Jamison) was S.A.'s Social Studies teacher, and defendant Dr. Brian Botts (Principal Botts) was the Principal at Edison. Defendant the School Board of Lee County (School Board) is an elected body with control over public education within the county, and a Sponsor statutorily charged with the promulgation, monitoring, and adopting of disciplinary policies within the school district.

On April 25, 2012, during World History class, S.A. asked Jamison to close a window blind as the sunlight was directly in his eyes causing his eyes to water and his nose to drip. Jamison did not do so. Without disrupting class, S.A. got up to go to the restroom to clean his nose but was denied leave and told to take his seat. S.A. went to the restroom anyway, and upon return was ordered to the Principal's Office. In the past, S.A. had noticed that other non-minority students left Jamison's classroom without permission and yet without consequences.

6

Principal Botts refused to hear S.A.'s side of the events and called him a "troublemaker". Principal Botts instructed S.A. to be seated for 3 hours in the lobby area thereby making him miss English, Biology and French classes that day without notifying Santiago. After 3 hours, S.A. went to the restroom to call his mother and Principal Botts followed him and questioned him about who he was calling. Principal Botts had S.A. come to his office to sign a Student Disciplinary Referral for a 10 days off School Suspension Disciplinary Referral. S.A. refused to sign the form as it contained handwritten statements that he did not make. Principal Botts threatened to have him arrested and prohibited from returning to school. Santiago requested a meeting with the Principal for the next day, along with Jamison in attendance.

On April 26, 2012, the next day, Jamison admitted that he refused to close the window blind, denied S.A. permission to go to the restroom, and that he referred S.A. to the Principal's Office. Principal Botts admitted to calling S.A. a troublemaker, and to making S.A. miss classes while he waited. After Santiago provided the School District of Lee County, Parent Guide & Code of Conduct for Students (grades 6-12), Principal Botts changed the punishment to 2 days of in-school lunch time detention but excluded S.A. from participating in his National Honor Society Inaugural Induction Ceremony.

On the same day, April 26, 2012, Santiago contacted the School District to report the disproportionate sanctions that had a disparate impact on his son and was provided contact information for the Principal's supervisor. Santiago contacted the Interim President of Academic Affairs, Erin Harrel, and requested a meeting. After he contacted Ms. Harrel, Santiago was notified that the National Honor Society Induction Ceremony had been postponed until the final school year dance.

On December 5, 2012, S.A. was denied and/or limited from participating in a school activity or program because he was not notified about a Math Competition. On or about July 22, 2013, Santiago received a notice of right to sue letter from the Department of Education, Office of Civil Rights.

On September 25, 2013, during a visit by the Assistant Director of Admissions of the University of Florida, Santiago learned for the first time about ACT and SAT examination requirements for university and college admissions and S.A. had to pay unnecessary late fees to take the examinations. Santiago also learned about the existence of scholarship opportunities, and how S.A. was denied or limited from the availability of such benefits. On November 4, 2013, plaintiff filed his Complaint in federal court.

In Counts I and II, plaintiff alleges that Jamison and Principal Botts's conduct was discriminatory and violated S.A.'s

rights under Title VI of the Civil Rights Act of 1964 by intentional discrimination/disparate treatment based on national origin.  In Count III, plaintiff assert that Principal Botts' conduct had a disparate impact on S.A. under Title VI.  In Count IV, plaintiff appears to allege a Title VI claim against Edison for the failure to adequately supervise the conduct of its employees.  Count V is brought against the School Board as the Sponsor, but it is unclear under what theory of relief.

**IV.**

Plaintiff asserts subject-matter jurisdiction under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which provides that:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.  Plaintiff alleges that S.A. was excluded from participation in school activities at Edison.  Section 601 of Title VI allows a private cause of action for intentional discrimination, and provides for injunctive relief and/or damages.  Alexander v. Sandoval, 532 U.S. 275, 279-80 (2001); Elston v. Talladega Cnty. Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir. 1993) (citing Alexander v. Choate, 469 U.S. 287, 293 (1985)).  The Court essentially conducts an equal protection analysis.  Elston at 1406.

"Discriminatory intent may be established by evidence of such factors as substantial disparate impact, a history of discriminatory official actions, procedural and substantive departures from the norms generally followed by the decision-maker, and discriminatory statements in the legislative or administrative history of the decision." Elston, 997 F.2d at 1406. To show discrimination, plaintiff may use direct evidence or circumstantial evidence that satisfies the McDonnell Douglas burden-shifting framework. Sirpal v. Univ. of Miami, 509 F. App'x 924, 926 (11th Cir. Fla. 2013) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973)).

Proof of discriminatory intent is not a prerequisite to seeking relief if regulations promulgated by the Department of Education[1] may have an unjustifiable disparate impact on groups protected by Title VI, however compensatory damages are not available without a showing of intentional discrimination. Guardians Ass'n v. Civil Serv. Comm'n of City of New York, 463 U.S. 582, 603, 607 (1983); Sandoval, 532 U.S. at 283-84. See also 34 C.F.R. § 100.3.

---

[1] Regulations promulgated under Section 602 of Title VI, "may validly proscribe activities that have a disparate impact on racial groups", however no private cause of action to enforce these regulations is recognized. Sandoval, 532 U.S. at 281, 293.

To state a claim for disparate impact, plaintiff must demonstrate that "the challenged action has 'a disparate impact on groups protected by the statute, even if those actions are not intentionally discriminatory.'" Burton v. City of Belle Glade, 178 F.3d 1175, 1203 (11th Cir. 1999). To do so, plaintiff must first show "that a facially neutral practice has a disproportionate adverse effect" on a protected group. Elston, 997 F.2d at 1407. If plaintiff can make such a showing, defendant must prove that there existed a "substantial legitimate justification for the challenged practice in order to avoid liability." The burden then shifts back to plaintiff to show that there exists a comparable alternative practice, or, that defendant's proffered justification is a pretext for discrimination. Id.

### A. Edison State College

Edison State College seeks to dismiss the Complaint for failure to set forth a short and plain statement to support a claim. In the Complaint, Santiago alleges that Edison is responsible for third-party conduct because it breached the Lee County School Board Policy by hiring Jamison even though he has a criminal record and therefore poses a danger to his son, and that Edison beached the School Board's Code of Student Conduct by not maintaining a safe environment and allowing Principal Botts to exact his chosen punishment. (Doc. #1, ¶¶ 52, 54, 56-58.)

11

It is unclear under what theory of recovery plaintiff is seeking relief. If plaintiff is seeking damages for a breach by Edison of the Policy or Code of Conduct, plaintiff must indicate his standing or basis to sue for a breach as a non-party to the contract. To the extent that plaintiff is seeking damages under Title VI, the allegations are currently insufficient. First, the hiring of Jamison or the failure to fire him is irrelevant to any allegations of discrimination based on race or national origin, and also irrelevant to any policy or practice that had a disparate impact on a minority group. Second, plaintiff makes several relevant allegations in his Opposition (Doc. #28) that are not contained in the Complaint as to Edison. For example, plaintiff cites to a Discipline Summary document to show a disparate impact on minority students[2], and also states that S.A. was not able to participate in the free lunch program because he was avoiding contact with Jamison. (Doc. #28, pp. 12, 13.) As plaintiff may be able to state a claim against Edison pursuant to Title VI, the motion to dismiss will be granted with leave to amend.

**B. Dale Jamison and Brian Botts**

Dale Jamison and Brian Botts seek to dismiss the Complaint because no cause of action is permitted against individuals for a

---

[2] The disciplinary report is included in allegations as to Principal Botts. (Doc. #1, ¶¶ 38-39.)

violation of Title VI of the Civil Rights Act of 1964, and because the claims otherwise fail to state a claim.

To assert a claim under Title VI, defendant must be a recipient of federal funding, and typically an individual is not the one receiving the federal funding or assistance. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1169 & n.12 (11th Cir. 2003). There are no allegations that either received federal assistance, therefore Jamison and Principal Botts are due to be dismissed on this basis.

### i. Jamison

In Count I, plaintiff alleges that Jamison selectively allowed only non-minority students to leave his classroom, and did so on the basis of S.A.'s national origin. (Doc. #1, ¶¶ 28-30.) Even this were so, there are no allegations that Jamison had any authority to exclude S.A. from participation in a protected activity, or that Jamison demonstrated a discriminatory intent to exclude S.A. from class on the basis of national origin.[3] The disciplinary decisions were made by Principal Botts. In plaintiff's Opposition (Doc. #29), Santiago argues that Jamison is liable under 42 U.S.C. § 1983, however no such claim is asserted

---

[3] Plaintiff alleges a "preponderance of the direct evidence" that Jamison "acted, at least in part, because of my son's race and national origin." (Doc. #1, ¶ 28.)

13

in the Complaint.  Therefore, Count I will be dismissed without prejudice.

### ii.  Principal Botts

In Count II, plaintiff alleges that Principal Botts violated the School District of Lee County, Parent Guide & Code of Conduct for Students, that he deprived S.A. of access to his education by making him miss his classes, that he excluded S.A. from the National Honor Society ceremony, and that he deprived S.A. by failing to notify him of an opportunity to participate in a Math Competition, the ability to obtain scholarships, or the need to take an examination to go to University.  Plaintiff also alleges that Principal Botts denied access to class member information so that Santiago could prove that statements taken were by students who were not present in the classroom.  (Doc. #1, pp. 16-17 nn.a-l.)

Even taken as true, none of these allegations support a claim of discriminatory intent, and Principal Botts is not alleged to be a recipient of federal assistance.  Therefore, there can be no violation of Title VI by Principal Botts.  Plaintiff also argues in his Opposition (Doc. #30) that Principal Botts is liable under 42 U.S.C. § 1983, however no such claim is asserted in the Complaint.  The motion to dismiss will be granted as to Count II.

In Count III, plaintiff alleges that Principal Botts used disciplinary practices that caused a disparate impact on a

protected group.  Plaintiff alleges that Principal Botts failed to carry out a proper investigation before imposing disciplinary measures and deprived S.A. of access to his classes.  Plaintiff alleges that S.A. was also deprived of access to other educational benefits and opportunities by the failure to notify of the existence of such benefits.  (Doc. #1, ¶ 46.)  For the same reasons as Count II fails, pursuant to Title VI, plaintiff cannot obtain relief from Principal Botts as he is not alleged to be a recipient of federal assistance.  See, e.g., Hartley v. Parnell, 193 F.3d 1263, 1270 (11th Cir. 1999) (individual school officials are not liable, only the recipient of federal assistance).

## C. School Board

In Count V, plaintiff alleges that Edison was granted the ability to operate as a charter school and Edison agreed to meet certain requirements under the School Board's Policy.  Plaintiff alleges that the School Board failed to monitor, evaluate, and review Edison, and acted with indifference to failing to respond with corrective actions to protect S.A. from Edison's actions.  (Doc. #1, ¶¶ 63, 68.)  The School Board seeks to dismiss the Complaint as it fails to state a claim under Florida Statute § 1002.33 for the failure to monitor Edison High School as the Sponsor.  The School Board also argues a lack of subject-matter jurisdiction as it is only named in a Count based on state law.

15

Plaintiff argues that defendant is subject to federal law and therefore there is a "federal ingredient" to the claim providing jurisdiction.    The argument of a lack of subject-matter jurisdiction is rejected because plaintiff's Opposition (Doc. #31, pp. 10, 11) makes it clear that Count V is an attempt to allege claims pursuant to Title VI, and not on the basis of the School Board's authority to grant a charter.  Plaintiff argues that the School Board was deliberately indifferent by failing to investigate the discrimination despite being notified through the Director of Charter Schools and the District Superintendent.  To the extent this is a Title VI claim, actions by a third party may be viewed as intentional violations of Title VI if a school district were "deliberately indifferent" to the harassment of a student.  Zeno v. Pine Plains Cent. Sch. Dist., 702 F.3d 655, 664-65 (2d Cir. 2012).  The allegations by plaintiff in his Opposition are not clearly set forth in Count V, and therefore plaintiff fails to state a claim as currently pled.  The motion to dismiss will be granted without prejudice as plaintiff may be able to set forth a claim against the School Board if provided an opportunity to do so.

Accordingly, it is now

**ORDERED:**

1. Defendants' Objection Pursuant to Rule 17(a)(3) (Doc. #68) is **sustained** and the Court finds that Santiago cannot proceed on behalf of his son.

2. Defendant's Edison State College's, Motion to Dismiss, Motion to Strike (Doc. #20) is **GRANTED** as to the motion to dismiss without prejudice to amend, and **DENIED** as to the motion to strike.

3. Defendant, School Board of Lee County's, Motion to Dismiss, Motion to Strike (Doc. #21) is **GRANTED** as to the motion to dismiss without prejudice to amend, and **DENIED** as to the motion to strike.

4. Defendant, Dale Jamison's and Brian Botts', Motion to Dismiss, Motion to Strike (Doc. #22) is **GRANTED** without prejudice to amend as to both defendants and **GRANTED IN PART AND DENIED IN PART** as to the motion to strike.  The motion to strike is denied as to Principal Botts.  The motion to strike is granted as to Dale Jamison.

5. The Complaint is **dismissed** without prejudice to plaintiff Manuel A. Santiago and/or his son S.A. filing an Amended Complaint to be filed within **SEVEN (7) DAYS** of the Settlement Conference, or no later than **TWENTY-ONE (21) DAYS** of this Opinion and Order, if the settlement conference is rescheduled.

6. The failure of S.A. to attend the settlement conference pursuant to the Court's August 18, 2014, Order (Doc. #79) may preclude his joinder in an Amended Complaint in this case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___3rd___ day of September, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Parties of record