UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTIAGO MANUEL A., individually
and on behalf of SA,

      Plaintiff,

v.                                          Case No: 2:13-cv-781-FtM-29CM

DALE JAMISON, BRIAN BOTTS,
EDISON STATE COLLEGE and
SCHOOL BOARD OF LEE
COUNTY,

      Defendants.

## ORDER

This matter is before the Court on various discovery motions pending in the case filed by Plaintiff *pro se* Santiago Manuel A. Discovery in this case closes on January 12, 2015, and the case is currently set for trial during the June 1, 2015 trial term. Doc. 45. Upon review of the motions and responses,[1] the Court's rulings follow.

---

[1] The motions include: Plaintiff's Motion to Compel Non-Party Brian Gnandt to Comply with Properly Served Subpoena (Doc. 80); Plaintiff's Motion to Compel Dale Jamison ("Jamison") to Respond Fully to Plaintiff's Interrogatories (Doc. 82), to which Defendant Jamison responded (Doc. 95); Plaintiff's Motion to Compel School Board of Lee County ("School Board") to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 83); Plaintiff's Motion to Compel Edison State College ("Edison") to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 84), to which Defendant Edison responded (Doc. 97); Plaintiff's Motion to Compel Brian Botts ("Botts") to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 85), to which Botts responded (Doc. 94); Plaintiff's Motion to Compel Botts to Respond Fully to Plaintiff's Interrogatories (Doc. 86), to which Botts responded (Doc. 93); Plaintiff's Motion to Compel Jamison to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 87), to which Jamison responded (Doc. 96).

<u>Background</u>

Plaintiff's First Amended Complaint states that SA, Plaintiff's son, is a Cuban American who was a senior student at Edison Collegiate High Charter School, Lee Campus ("Edison High"), a public charter high school operated by Edison. Defendant Jamison was SA's Social Studies teacher, and Defendant Botts was the Principal at Edison High.  Doc. 98.  Plaintiff alleges that on April 25, 2012, during World History class, SA asked Jamison to close a window blind as the sunlight was directly in his eyes causing his eyes to water and his nose to drip.  Jamison did not do so.  Without disrupting class, SA got up to go to the restroom to clean his nose but was denied leave and told to take his seat.  *Id.* at 6.  SA went to the restroom anyway, and upon return was ordered to the Principal's Office.  *Id.*  In the past, Plaintiff alleges that SA had noticed that other non-minority students left Jamison's classroom without permission and yet without consequences.  *Id.* at 7.  Plaintiff alleges that Botts refused to hear SA's side of the events and was ultimately given 2 days of in-school lunch time detention and excluded from participating in his National Honor Society Inaugural Induction Ceremony.  Id. at 8.  Plaintiff alleges that Defendants' conduct was discriminatory and violated SA's civil rights and after the incident, he was deprived of certain educational opportunities.

In Count I, Plaintiff alleges breach of contract against Defendants Jamison and School Board for failure to provide his son educational services and comply with Title VI of the Civil Rights Act of 1964 in accordance with the terms of a charter school

contract between the School Board and Edison State College.[2]  In Count II, Plaintiff alleges that Edison, School Board, Botts and Jamison's conduct was discriminatory and violated SA's rights under Title VI of the Civil Rights Act of 1964 by intentional discrimination/disparate treatment based on national origin.  In Count III, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against Botts and Jamison.

## Motions to Compel

### I. Motion to Compel Brian Gnandt to Comply with Property Served Subpoena (Doc. 80)[3]

Plaintiff moves to compel non-party Gnandt to respond to a subpoena to produce documents served on Gnandt on or about June 18, 2014.  Doc. 54-1.  Gnandt has not responded to the Motion to Compel, although the certificate of service states that it was served on him and Plaintiff certifies that he met and conferred with Gnandt regarding the subpoena.  Docs. 80 at 5; 80-1.

Gnandt is employed by the United States Department of Education, Office of Civil Rights, in Atlanta, Georgia.  *Id.*  Plaintiff states that on May 9, 2012, he filed a complaint with the Office of Civil Rights ("OCR") against the Edison High in connection with the allegations as set forth in Plaintiff's Amended Complaint.  Docs. 54 at ¶ 1; 98.  Plaintiff further states that on July 17, 2013, the OCR completed its

---

[2] Defendant Botts explains that Plaintiff's son, SA, was enrolled in a dual program at Edison High, Lee campus, which is offered by Edison to high school students to provide an opportunity to learn and achieve in a collegiate atmosphere.  Doc. 94 at 4.

[3] The Court denied Plaintiff's first request to compel Gnandt to respond to the subpoena without prejudice for failure to comply with Local Rule 3.01(g).  Docs. 54, 59.  Plaintiff's renewed motion (Doc. 80), states that he met and conferred with Mr. Gnandt.

investigation into his complaint.  Doc. 54 at ¶ 2.  On or about July 22, 2013, Plaintiff received a notice of right to sue letter from the OCR.  Doc. 98 at ¶ 26.

The subpoena requests documents concerning Gnandt's investigation of Plaintiff's complaints.  Doc. 54-01 at 10-13.  The subpoena states that the time period is from April 25, 2012 (the date of the World History class incident) to the date of Gnandt's response to the subpoena.  Doc. 54-1 at ¶ 13.  The Court finds that documents concerning the investigation of Plaintiff's complaint are relevant and that category numbers 1-9 requested by Plaintiff would be contained within OCR's investigative file, which should be produced.  *See* Doc. 54-1 at 10-11.  With regard to category number 10, the Court notes upon review of the record that Defendant Edison has already produced printouts from the OCR website regarding Title VI claims.  Doc. 94 at 2-3.  Thus, Gnandt need not produce any documents responsive to number 10.  The Court also finds that category number 11 requests is vague and ambiguous, and the request to compel documents in response should be denied.  Thus, Plaintiff's Motion to Compel is granted in part and denied in part.

II. **Motion to Compel Dale Jamison to Respond Fully to Plaintiff's Interrogatories (Doc. 82)**

Plaintiff served interrogatories on Jamison's counsel on June 28, 2014, and Jamison served his responses on July 31, 2014.  Plaintiff states that "[b]asically Mr. Jamison objected to all of the Plaintiff questions" and includes no further argument.  Doc. 82 at ¶ 2.  Jamison responds that it provided Plaintiff with objections to the interrogatories, which were appropriate.  Although Plaintiff attaches the interrogatories (Doc. 82-1) to his motion, he has failed to set forth Jamison's responses

to each and does not set forth the reasons why Plaintiff is entitled to the discovery in compliance with Local Rule 3.04. The Court has previously informed Plaintiff of Local Rule 3.04 and that he must comply with the rule. Doc. 59. Local Rule 3.04(a) provides:

> A motion to compel discovery pursuant to Rule 36 or Rule 37, Fed. R. Civ. P., shall include quotation in full of each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted. The opposing party shall then respond as required by Rule 3.01(b) of these rules.

M.D. Fla. Rule 3.04(a). In the future, any motions to compel should comply with this local rule.

In the interest of judicial efficiency, the Court has reviewed the interrogatories (Doc. 82-1) to determine whether they are proper and relevant to whether Jamison took actions in a discriminatory manner to exclude SA from participation in an activity receiving federal financial assistance, required for a Title VI action.[4] Upon review, the Court finds that interrogatory numbers 6, 7, 8, and 25 request relevant information and Jamison will be directed to supplement his responses to these interrogatories. Doc. 82-1. Otherwise, Plaintiff's motion is denied. The Court further notes that it previously determined that whether Jamison has a criminal

---

[4] The Court is mindful that Defendants have moved to dismiss Plaintiff's Amended Complaint (Docs. 99, 100, 101 and 102); however, at this stage of the proceedings, the Court accepts all factual allegations in the complaint as true for relevancy purposes.

record is irrelevant to this case. Doc. 99 at 4. Thus, interrogatory number 3 is stricken.

### III. Motion to Compel School Board of Lee County to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 83)

Plaintiff served requests for production on School Board's counsel on July 5, 2014, but states that the School Board has failed to produce a single document in response. The School Board has not responded to the Motion to Compel, although Plaintiff certifies that he met and conferred with counsel prior to filing the motion. Doc. 83 at 4. In Plaintiff's Amended Complaint, he argues that the School Board was deliberately indifferent by failing to investigate the alleged discrimination despite being notified it was occurring. Doc. 98 at 18. With these and other allegations set forth against the School Board in mind, the Court has reviewed Plaintiff's request for production to determine whether the requests are relevant. Doc. 83-1 at 11-22.

First, the Court notes there are 39 separate categories of documents requested, and any relevant documents requested would likely be contained in SA's student file and within the OCR investigation file, which the Court has ordered produced. The School Board, however, is not likely to have SA's student file. This would likely be in Edison's possession. Indeed, many of the documents already appear to have been produced by Edison. *See* Doc. 94 at 2-3. The Court will grant Plaintiff's request for production directed to the School Board to the extent that if the School Board has any documents in its possession concerning the April 25, 2012 incident, they should be produced. If School Board does not have any such documents in its possession, it is

directed to affirmatively state it does not. The Court also notes that Plaintiff requests information regarding any criminal records of Jamison and Botts, which the Court has determined is irrelevant to this case. Doc. 99 at 4. Thus, request numbers 20 and 21 are stricken.

    IV.    **Plaintiff's Motion to Compel Edison State College to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 84)**

Plaintiff served requests for production on Edison's counsel on July 5, 2014, but states that Edison has failed to produce a single document in response. Edison responds that Plaintiff previously served a subpoena on Ron Dente, as Human Resource Director and Assistant General Counsel of Edison. Doc. 53-1. On July 24, 2014, Edison responded to the discovery request served on Mr. Dente and produced several pages of documents to Plaintiff. Edison states that many of the requests in Plaintiff's July 5, 2014 request for production are identical to those in the discovery request to Mr. Dente. Therefore, Edison argues that Plaintiff already has received responses from Edison to many of the discovery requests he now seeks to compel and to the extent Mr. Dente did not produce responsive documents, Edison has since responded to the entirety of Plaintiff's July 5, 2014 request for production. Based upon this response, the Court will deny the motion to compel as moot because Edison has already produced documents to Plaintiff.

    V.    **Plaintiff's Motion to Compel Brian Botts to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 85)**

Plaintiff served Botts' counsel with a request for production on June 28, 2014, to which Botts responded. Plaintiff moves to compel more complete responses to

request numbers 1, 2, 6, 7 and 8. The Court has reviewed Botts' responses (Doc. 94) and finds that all are well founded. Many of the requests are vague, overbroad and unduly burdensome, and production would violate education privacy laws. Botts is the principal of Edison High and states that he does not have any documents in his possession above and beyond what has previously been produced to Plaintiff by Edison, which are detailed in Botts' response to request number 2. *See* Doc. 94 at 2. With regard to request number 9, Botts states that he has already produced responsive documents. Thus, the motion to compel is denied.

### VI. Plaintiff's Motion to Compel Brian Botts to Respond Fully to Plaintiff's Interrogatories (Doc. 86)

Plaintiff served interrogatories on Botts' counsel on June 28, 2014, and Botts served his responses on July 31, 2014. Plaintiff states that "[b]asically Mr. Botts objected to all of the Plaintiff questions" and includes no further argument. Doc. 86 at ¶ 2. Botts responds that it provided Plaintiff with objections to the interrogatories, which were appropriate. Although Plaintiff attaches the interrogatories (Doc. 86-1) to his motion, he has failed to set forth Botts' responses to each and does not set forth the reasons why Plaintiff is entitled to the discovery in compliance with Local Rule 3.04. As it did with Mr. Jamison, *supra* Sec. II, however, the Court has reviewed the interrogatories to determine whether any are proper and relevant to whether Botts took actions in a discriminatory manner to exclude SA from participation in an activity receiving federal financial assistance, required for a Title VI action.

Upon review, the Court finds that interrogatory numbers 5, 6 and 24 request relevant information, and therefore Botts will be directed to supplement his responses to these interrogatories. Doc. 82-1. Otherwise, Plaintiff's motion is denied. The Court further notes that it previously determined that whether Jamison has a criminal record is irrelevant to this case. Doc. 99 at 4. Thus, interrogatory numbers 3 and 21 are stricken.

### VII. Plaintiff's Motion to Compel Jamison to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 87)

Plaintiff served Jamison's counsel with a request for production on June 28, 2014, to which Jamison responded. Plaintiff moves to compel more complete responses to request numbers 1, 6, 7, 8 and 9. The Court has reviewed Jamison's responses (Doc. 94) and finds that all are well founded. Many of the requests are vague, overbroad and unduly burdensome, and production would violate education and health care privacy laws. With regard to request number 9, Jamison states that he has already produced responsive documents. Thus, the motion to compel is denied.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Compel Brian Gnandt to Comply with Properly Served Subpoena (Doc. 80) is **GRANTED IN PART AND DENIED IN PART**. Non-party Gnandt shall comply with the subpoena as set forth in this Order **on or before December 5, 2014.**

2. Plaintiff's Motion to Compel Dale Jamison to Respond Fully to Plaintiff's Interrogatories (Doc. 82) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's request to compel interrogatories 6, 7, 8, and 25 is **GRANTED**. Interrogatory No. 3 is **STRICKEN** and all remaining interrogatories are **DENIED**. Defendant Jamison shall have up to and including **December 5, 2014** to supplement his responses.

3. Plaintiff's Motion to Compel School Board of Lee County to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 83) is **GRANTED** to the extent set forth in this Order. Defendant School Board shall have up to and including **December 5, 2014** to supplement its responses, or affirmatively state that is does not have any responsive documents in its possession.

4. Plaintiff's Motion to Compel Edison State College to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 84) is **DENIED AS MOOT**.

5. Plaintiff's Motion to Compel Brian Botts to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 85) is **DENIED**.

6. Plaintiff's Motion to Compel Brian Botts to Respond Fully to Plaintiff's Interrogatories (Doc. 86) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's request to compel interrogatories 5, 6 and 24 is **GRANTED**. Interrogatory Nos. 3 and 21 are **STRICKEN** and all remaining interrogatories are **DENIED**. Defendant Botts shall have up to and including **December 5, 2014** to supplement his responses.

7. Plaintiff's Motion to Compel Jamison to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 87) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of November, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented party