UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTIAGO MANUEL A., individually
and on behalf of SA,

    Plaintiff,

v.                                          Case No: 2:13-cv-781-FtM-29CM

DALE JAMISON, BRIAN BOTTS,
EDISON STATE COLLEGE and
SCHOOL BOARD OF LEE
COUNTY,

    Defendants.

## ORDER

Before the Court are three motions filed by Plaintiff *pro se* Santiago Manuel A. (Docs. 108, 109, 110) requesting that the Court reconsider its prior Order granting in part and denying in part Plaintiff's motions to compel the production of documents and responses to interrogatories as to Defendants Edison State College ("Edison"), Dale Jamison ("Jamison"), and Brian Botts ("Botts"). Doc. 107. Defendants' responses in opposition (Docs. 113, 114, 115) have been filed. For the reasons set forth herein, the motions are denied.

On November 21, 2014, the Court entered an Order granting in part and denying in part a number of discovery motions filed by Plaintiff. Doc. 107. With regard to Defendant Edison, the Court found that because Edison had already responded to the discovery requests and produced documents to Plaintiff, the motion to compel was moot. *Id.* at 7. With regard to Defendant Jamison, the Court found

that interrogatory numbers 6, 7, 8, and 25 requested relevant information and directed Jamison to supplement his responses to these interrogatories, and otherwise denied the motion as to all other interrogatories. *Id.* at 5. The Court also struck interrogatory number 3 because the Court previously had determined that whether Jamison has a criminal record was irrelevant to this case. *Id.* at 5-7 (citing Doc. 99 at 4). The Court further found that Jamison's objections to requests for production numbers 1, 6, 7, 8, and 9 were well founded and denied the motion to compel responses to these requests. *Id.* at 9. With regard to Defendant Botts, the Court found that interrogatory numbers 5, 6, and 24 requested relevant information and directed Botts to supplement his responses to these interrogatories, and otherwise denied the motion as to all other interrogatories. *Id.* at 8-9. The Court also struck interrogatory numbers 3 and 21 on the same basis as the Court struck the Jamison interrogatory – because they requested information regarding whether Botts had been convicted of a crime. *Id.* at 9. The Court further found that Botts' objections to requests for production numbers 1, 2, 6, 7, and 8 were well founded and denied the motion to compel responses to these requests. *Id.* at 8.

Plaintiff now moves for reconsideration, arguing that new evidence warrants that the Court reconsider its Order and direct Defendants to fully respond to all discovery requests. Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. *Carter v. Premier Rest. Mgmt.*, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The

courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has already determined. *Carter*, 2006 WL 2620302, at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1.

The Court finds that Plaintiff has not set forth any new facts or law to convince the Court to reverse its prior decision. The Court fully reviewed the interrogatories

and requests for production at issue and arrived at its rulings.  Although Plaintiff seems to be arguing that the Court denied his motion to compel interrogatory responses because Plaintiff did not set forth Jamison and Botts' responses to each and the reasons why Plaintiff was entitled to relief in compliance with Local Rule 3.04, the Court did not deny the motion on this basis.  The Court noted that Plaintiff did not comply with Local Rule 3.04, but nonetheless reviewed the entirety of the interrogatories in the interest of judicial efficiency to determine whether they were proper and relevant to whether Jamison and Botts took actions in a discriminatory manner to exclude SA from participation in an active receiving federal financial assistance, and ordered that some responses be supplemented accordingly.  Doc. 107.  The Court finds no reason to reverse its decision.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motions for Reconsideration (Docs. 108, 109, 110) are **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of January, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented party