UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTIAGO MANUEL A., individually
and on behalf of SA,

    Plaintiff,

v.

                                  Case No:   2:13-cv-781-FtM-29CM

DALE JAMISON, BRIAN BOTTS,
EDISON STATE COLLEGE and
SCHOOL BOARD OF LEE
COUNTY,

    Defendants.

## ORDER

Before the Court is Motion by Non-Party, the United States Department of Education ("Department"), for Relief from Order Pursuant to Rule 60(b) (Doc. 111), which the Court construes as a motion for reconsideration, and Plaintiff *pro se* Santiago Manuel A.'s Response in Opposition (Doc. 116). Also before the Court is Plaintiff's Motion for Civil Contempt Sanctions or in the Alternative for a Further More Specific Preliminary Injunction (Doc. 112, "Motion for Sanctions"), and the Department's Response in Opposition (Doc. 119). The Department requests relief from this Court's November 21, 2014 Order, granting in part and denying in part Plaintiff's motion to compel. Docs. 80, 107. In that Order, the Court found that certain categories of documents concerning the investigation of Plaintiff's complaint filed with the Department's Office for Civil Rights ("OCR") were relevant and should

be produced.[1] Doc. 107 at 3-4. Thus, the Court ordered non-party Brian Gnandt, investigator with the OCR in Atlanta, Georgia, to produce the OCR investigative file. *Id.* at 5. For the reasons stated herein, the Court reconsiders its Order and finds that Mr. Gnandt need not produce the documents. Accordingly, Plaintiff's Motion for Sanctions, requesting that Mr. Gnandt be sanctioned and held in contempt for failing to produce the documents as ordered by the Court (Doc. 112), is denied as moot.

The Department states that following its meet and confer with Plaintiff, it sent a letter to him dated August 21, 2014, informing Plaintiff that the subpoena failed to meet the service requirements of 34 C.F.R. § 8.3(c), and did not comply with the substantive requirements of the agency governing demands for the production of records. Doc. 111-1. In addition, the Department explained to Plaintiff that the Department's *Touhy* regulations, 34 C.F.R. § 8.5(b), prohibits the custodian of records from releasing records contained in Department files without specific written authorization from the Secretary of the Department and that, in this case, the Secretary determined that the unredacted version of the investigative file could not be produced because of privacy concerns. *Id. See United States ex rel. Touhy v. Ragen, et al.*, 340 U.S. 462 (1951). Plaintiff was invited to file a proper Freedom of Information Act ("FOIA") request for a redacted version of the investigative file. *Id.*

---

[1] In his motion to compel, filed August 26, 2014 (Doc. 80), Plaintiff stated that he had met and conferred with Mr. Gnandt regarding the document request and the Certificate of Service stated that he provided a copy of the motion to compel to Mr. Gnandt. Doc. 80 at 1-2, 5. No response to the motion to compel was filed by Mr. Gnandt or the Department.

Apparently Plaintiff had previously stated to the Department that he was not interested in making a FOIA request for the documents if they could not be provided in unredacted form.  *Id.*  Plaintiff has failed to make a FOIA request for the documents.

The Department now moves for reconsideration.  Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly.  *Carter v. Premier Rest. Mgmt.*, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)).  The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."  *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).  "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously."  *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).  The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision.  *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has already determined.  *Carter*, 2006 WL 2620302, at * 1.  The Court's opinions "are not intended as mere first drafts,

subject to revision and reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1.

As discussed above, the Department asserts that pursuant to its *Touhy* regulations, Mr. Gnandt cannot release the unredacted investigative file. The Department also asserts that it has no record of being served with Plaintiff's motion to compel and as a result did not get an opportunity to file a response asserting the *Touhy* defense and that Plaintiff did not confer with the Department after receiving the August 26, 2014 letter, and did not inform the Court that he received the letter.[2]

Here, the Court finds that reconsideration is necessary because of new evidence that was previously unavailable to the Court, namely, the decision by the Department that pursuant to its *Touhy* regulations, it would not be producing an unredacted version of the investigative file. The Department is not simply rearguing issues that the Court has already decided, but has presented the Court with facts of a strongly convincing nature to demonstrate that the Court reconsider its prior decision. Thus, the Department's motion is granted and Mr. Gnandt need not

---

[2] Plaintiff states in opposition that he did not receive the Department's letter until after he filed the motion to compel. Doc. 116 at 4. Even so, Plaintiff was surely aware that the letter impacted the nature of the dispute raised in the motion to compel.

produce the documents as set forth in this Court's November 21, 2014 Order (Doc. 107) because they are protected by the regulations. Plaintiff is free to request an unredacted copy, and was invited to do so by the Department in August 2014, but Plaintiff has elected not to do so.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Motion by Non-Party, the United States Department of Education, for Relief from Order Pursuant to Rule 60(B) (Doc. 111) is **GRANTED**.

2. Plaintiff's Motion for Civil Contempt Sanctions or in the Alternative for a Further More Specific Preliminary Injunction (Doc. 112) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of January, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented party