UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTIAGO MANUEL A., individually
and on behalf of SA,

    Plaintiff,

v.                                    Case No:   2:13-cv-781-FtM-29CM

DALE JAMISON, BRIAN BOTTS,
EDISON STATE COLLEGE and
SCHOOL BOARD OF LEE
COUNTY,

    Defendants.
_____

## ORDER

Before the Court is Plaintiff *pro se* Santiago Manuel A.'s Second Motion for Entry of an Order Compelling Compliance with Plaintiff's Discovery Requests (Doc. 117, "Second Motion to Compel") and Defendant School Board of Lee County's ("School Board") Response in Opposition and Request for Sanctions (Doc. 124). Plaintiff seeks leave to file a reply in further support of his motion.[1]  Doc. 127.  For the reasons stated herein, the motions are denied.

Plaintiff previously filed a motion to compel regarding the same requests for production that were directed to the School Board that are issue in the Second Motion to Compel.  Doc. 83, "First Motion to Compel."  On November 21, 2014, the Court

---

[1] In support of a reply, Plaintiff states – with no Local Rule 3.01(g) certification – that the School Board's response omitted important issues and contains incorrect statements. Doc. 124 at ¶ 3.  The Court finds that a reply brief would not benefit the Court in resolution of the pending motion and will deny the request.

granted Plaintiff's First Motion to Compel to the extent that if the School Board had any documents in its possession concerning the April 25, 2012, they should be produced. Doc. 107 at 6. The Court further stated that if the School Board did not have any such documents in its possession, it should affirmatively state that it did not. *Id.* at 6-7.

On December 5, 2014, the School Board did so and served its answers on Plaintiff, stating that it had no responsive documents or was not in possession of any responsive documents beyond what had been previously produced to Plaintiff. Doc. 117-1. Plaintiff now files a Second Motion to Compel, stating that he only received Defendant's answers on December 5, 2014, and not responsive documents, which he now seeks to compel. The Court notes that Plaintiff's Second Motion to Compel requests that the Court rule on the same document requests it has already issued a decision on November 21, 2014. Doc. 107. In response, the School Board states that responsive documents have already been produced to Plaintiff and that a response to request numbers 24, 26, 27, 29, 30, 31, 32, 33, 34, 35, and 36 is not required because they are inflammatory and argumentative and responding could be construed as an admission of liability in this matter. The School Board further states that defense counsel spoke to Plaintiff on numerous occasions regarding Defendant's responses and sent him a letter dated December 22, 2014, requesting that Plaintiff detail the documents that he believes the School Board is withholding. Doc. 124-1.

The Court has reviewed the School Board's answers dated December 5, 2014 (Doc. 117-1) and finds they are proper; therefore, Plaintiff's Second Motion to Compel

is denied. The Court agrees that request numbers 24, 26, 27, 29, 30, 31, 32, 33, 34, 35, and 36 are argumentative and seek to have the School Board admit liability and wrongdoing.

The School Board moves for an award of attorney's fees and costs incurred in preparing a response, pursuant to Federal Rule 37(a)(5)(B), claiming the Second Motion to Compel is frivolous, as there were no additional documents to compel, which defense counsel explained to Plaintiff. Doc. 124 at 8. Pursuant to Federal Rule 37, if a motion to compel is denied, the prevailing party may be awarded "reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, a court must not award fees and costs if the motion was substantially justified or other circumstances make an award of expenses unjust. *Id.* In this instance, the Court finds that an award of fees and costs is not appropriate. Although Plaintiff's Second Motion to Compel included a request to compel documents that the School Board previously informed him it did not have or had previously produced, the School Board's December 5, 2014 answers did contain certain objections to which Plaintiff was free to move to compel more complete responses to, which he did. *See* request numbers 24, 26, 27, 29, 30, 31, 32, 33, 34, 35, and 36.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Second Motion for Entry of an Order Compelling Compliance with Plaintiff's Discovery Requests (Doc. 117) is **DENIED**.

2. Plaintiff's Motion for Leave to File Reply (Doc. 127) is **DENIED**.

3. The School Board's request for attorney's fees and costs is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of January, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented party