UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTIAGO MANUEL A., individually
and on behalf of SA,

    Plaintiff,

v.                                              Case No: 2:13-cv-781-FtM-29CM

DALE JAMISON, BRIAN BOTTS,
EDISON STATE COLLEGE and
SCHOOL BOARD OF LEE
COUNTY,

    Defendants.

## ORDER

Before the Court is Plaintiff *pro se* Santiago Manuel A.'s Motion for Recusal (Doc. 122), filed on January 12, 2015. Defendants have not filed a response and the time to do so has expired. Plaintiff requests that the undersigned recuse herself from this case, asserting that the undersigned's rulings in this matter are adverse to him, and that the undersigned has a bias against Plaintiff as a *pro se* party in favor of Defendant as an educational institution.

If a judge is personally biased or prejudiced against a party or in favor of an adverse party, then he shall recuse himself when his "'impartiality might reasonably be questioned.'" *In re Walker*, 2008 WL 2637649, *4 (11th Cir. 2008) (quoting 28 U.S.C. §§ 144, 455(a)). "The standard is 'whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality.'" *Id.* (quoting *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000)). "'The general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources.'"

*Id.* (quoting *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002)). One exception to this rule is when the judge's remarks in a judicial context demonstrate bias or prejudice. *Id.* A friction between the court and a party is not sufficient to demonstrate bias. *Id.* (citations omitted). "Adverse rulings are grounds for appeal but rarely are grounds for recusal . . . ." *Id.* at *5 (citing *Liteky v. United States*, 510 U.S. 540, 554 (1994)).

Plaintiff's motion contains allegations regarding decisions made by this Court that were unfavorable to him. Yet this does not demonstrate any personal bias by this Court, or show that the undersigned's impartiality might reasonably be questioned.[1] Therefore, the motion is denied.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Recusal (Doc. 122) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 2nd day of February, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented party

---

[1] Plaintiff previously filed a Motion for Substitution of Magistrate Judge based upon the fact that the Court had denied nine of his discovery-related motions. Doc. 78. In that motion, Plaintiff argued that because of the adverse rulings he questions the impartiality of the undersigned. *Id.* at 6-7. Plaintiff also raised the bias in favor of educational institutions argument. *Id.* at ¶ 8. The District Court denied the motion, stating that unfavorable rulings alone are generally not an acceptable basis for substitution or reassignment. Doc. 91 at 2.