UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTIAGO MANUEL A., individually
and on behalf of SA

      Plaintiff,

v.                                                Case No: 2:13-cv-781-FtM-29CM

DALE JAMISON, BRIAN BOTTS,
EDISON STATE COLLEGE and
SCHOOL BOARD OF LEE
COUNTY,

      Defendants.
_____

## ORDER

Before the Court are Plaintiff's Motion for Sanctions Against Defendant School Board of Lee County for Non-Disclosure, Intentional Hide [sic] Discoverable Documents and in Bad Faith Filing Non-True Statements in Court and Incorporated Memorandum of Law (Doc. 130); and Plaintiff's Motion for Sanctions Against Defendant Edison State College for Non-Disclosure, Intentional Hide [sic] Discoverable Documents and in Bad Faith Filing Non-True Statements in Court and Incorporated Memorandum of Law (Doc. 137)(together, "Motions for Sanctions"). Defendants, School Board of Lee County ("School Board") and Edison State College ("Edison"), responded separately in opposition. Docs. 133; 139. For the reasons set forth below, Plaintiffs' Motions for Sanctions against the School Board and Edison each are denied.

Plaintiff filed both Motions for Sanctions alleging that both the School Board and Edison did not disclose or intentionally hid discoverable information and alleged false statements in court. Docs. 133; 139. Plaintiff claims that the School Board and Edison violated Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Rule 3.01, and the Middle District Discovery Practices by failing to disclose or intentionally hiding discoverable documents. Docs. 133 at 1; 139 at 1.

Plaintiff initiated this action against the Defendants on November 4, 2013. Doc. 1. Since that time, the parties have conducted extensive discovery. On July 22, 2014, Plaintiff filed his first motion to compel against Ron Dente, Assistant Regional Counsel and Human Resources Director of Edison. Doc. 53 at 3. Plaintiff alleged that Mr. Dente failed to respond to a properly served subpoena. Doc. 53 at 1. Edison responded on behalf of Mr. Dente that because the subpoena was served on a represented party, Edison treated the subpoena like a request for production. Doc. 57 at 1. Edison not only responded to the request but provided Plaintiff the opportunity to inspect Edison's property on July 11, 2014. Doc. 57 at 2. Based on Edison's response, the Court denied without prejudice Plaintiff's motion to compel because it failed to state how Edison failed to respond to the discovery when it appeared, according Edison, that they had complied with Rule 34 of the Federal Rules. Doc. 59 at 2.

Plaintiff filed a second motion to compel against Ron Dente for failure to comply with the subpoena. Doc. 63. This motion was stricken by the Court because the motion failed to comply Local Rule 3.01(g) and it failed to set forth the numerical

requests with which Defendant failed to comply. Doc. 67 at 2. The Court's prior Order (Doc. 59) instructed Plaintiff that failure to comply with Local Rule 3.01(g) would result in his motion being stricken. Doc. 59 at 2.

Plaintiff then filed motions to compel against both the School Board and Edison alleging that they have refused to respond to the request for production he served on July 5, 2014. Docs. 83; 84. Edison responded that this request was identical to the subpoena they construed as a request and responded to. Doc. 97 at 2. Edison indicated that they responded to the subpoena and have since responded to the request for production in its entirety. *Id.* The School Board did not file a response to the motion to compel.

On November 21, 2014, the Court issued an Order (Doc. 107) addressing various motions[1] filed by Plaintiff, including the motions to compel against the School Board and Edison. As to the School Board, the Court thoroughly examined the 39 categories of documents requested by Plaintiff and concluded that any of the relevant documents would likely be in SA's student file and within the OCR

---

[1] The motions included: Plaintiff's Motion to Compel Non-Party Brian Gnandt to Comply with Properly Served Subpoena (Doc. 80); Plaintiff's Motion to Compel Dale Jamison ("Jamison") to Respond Fully to Plaintiff's Interrogatories (Doc. 82), to which Defendant Jamison responded (Doc. 95); Plaintiff's Motion to Compel School Board of Lee County ("School Board") to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 83); Plaintiff's Motion to Compel Edison State College ("Edison") to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 84), to which Defendant Edison responded (Doc. 97); Plaintiff's Motion to Compel Brian Botts ("Botts") to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 85), to which Botts responded (Doc. 94); Plaintiff's Motion to Compel Botts to Respond Fully to Plaintiff's Interrogatories (Doc. 86), to which Botts responded (Doc. 93); Plaintiff's Motion to Compel Jamison to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 87), to which Jamison responded (Doc. 96).

investigation file, which the Court ordered be produced. Doc. 107 at 6. The Court also noted that the School Board is not likely to have the student file. *Id.* It likely would be in Edison's possession. *Id.* The Court ordered the School Board to produce any documents it has concerning the April 25, 2012 incident and that it did not have certain documents, it should affirmatively state it did not. Doc. 107 at 6-7.

The Court denied Plaintiff's motion to compel as to Edison because Edison responded to the subpoena served on Mr. Dente and produced several pages of documents to Plaintiff. Doc. 107 at 7. Edison also stated that to the extent everything was not produced when it responded to the subpoena, it has since responded to the entirety of the request for production. *Id.* Therefore, the Court denied Plaintiff's motion to compel as moot. *Id.* Plaintiff subsequently filed a motion for reconsideration of the Court's denial of the motion to compel against Edison. Doc. 108. The Court denied this motion because Plaintiff failed to set forth any new law or facts to convince the Court to reverse the prior decision. Doc. 120.

Next, Plaintiff filed a second motion to compel against the School Board for failure to comply with the July 5, 2014 discovery requests. Doc. 117. The School Board stated that it responded to the discovery requests on December 5, 2014. Doc. 124 at 6. Moreover, the School Board states the documents either do not exist or have already been produced to Plaintiff in this litigation. Doc. 124 at 2. Plaintiff has been provided every document in the School Board's possession that is responsive to his requests. Doc. 124 at 6. The Court held that the School Board's responses are proper and therefore the motion to compel was denied. Doc. 128 at 2-3.

Additionally, the Court held that "request numbers 24, 26, 27, 29, 30, 31, 32, 33, 34, 35, and 36 are argumentative and seek to have the School Board admit liability and wrongdoing." Doc. 128 at 3.

The Motions for Sanctions presently before the Court are yet another attempt by Plaintiff to obtain information that the School Board and Edison have either produced or represent does not exist. Plaintiff alleges the both the School Board and Edison intentionally hid or destroyed documents, and in bad faith made false statements in Court. Docs. 130; 133.

As to the School Board, Plaintiff alleges several discovery violations for which the School Board should be sanctioned. He alleges that the School Board failed to produce documents under Federal Rule of Civil Procedure 26. Doc. 130 at 7-9 & 12-15. Specifically, he states that Defendant failed to produce or allow for the inspection of certain documents, including Defendant's insurance policy. Doc. 130 at 14. Additionally, he argues that the School Board destroyed evidence and did not allow him to explore discoverable documents. Doc. 130 at 9-10. Finally, he states that the Court should impose sanctions against the School Board for failing to comply with the Middle District Discovery Practices, which require parties to comply with Rule 26 of the Federal Rules of Civil Procedure and with a party's discovery requests. Doc. 130 at 15-18. Plaintiff is making the same arguments he made in the prior motions to compel for which the Court has issued rulings.

The School Board responded to the present allegations by reiterating that it has produced all documents it has which are responsive to Plaintiff's requests. Doc.

133 at 3-4. Moreover, it has complied with the Rule 26 disclosures and produced a copy of the applicable insurance policy. Doc. 133 at 4-5. The School Board also states that to the extent any of its responses to Plaintiff's request were untimely, it complied with the Court's November 21, 2014 Order (Doc. 107) compelling it to respond to Plaintiff's discovery or affirmatively state that the it does not have documents in its possession responsive to the requests. Doc. 133 at 5.

Plaintiff also alleges that the Schools Board's responses are incomplete and evasive. Doc. 130 at 3. He specifically points to the School Board's response to request 24 of his request for production. *Id.* The Court has already addressed each of Plaintiff's discovery requests and the School Board responses to those requests. Doc. 128. The Court determined that the School Board's responses were proper, including Defendant's response that it did not have any documents in its possession responsive to the request that had not been produced. Doc. 128 at 2. Moreover, the Court found request 24 of Plaintiff's request for production was "argumentative and sought to have the School Board admit liability and wrongdoing." Doc. 128 at 3. Thus Plaintiff is not entitled to sanctions when the Court has already ruled that School Board's discovery responses were proper. Moreover, there has been no violation of the Middle District Discovery Practices, as the School Board has complied with Rule 26 of the Federal Rules of Civil Procedure and Plaintiff's discovery requests.

Plaintiff makes similar allegations against Edison. Plaintiff alleges that Edison violated Rules 26 and 34 of the Federal Rules of Civil Procedure because it

failed to comply with the discovery process.   Doc. 137 at 8.   Plaintiff also states that Edison has withheld or destroyed discoverable information.   Doc. 137 at 9-11. Plaintiff argues that Edison has violated the Middle District Discovery Practices. Doc. 137 at 13-16.

Specifically, Plaintiff alleges that although Edison treated the subpoena served on Ron Dente like a request for production, the discovery requested in the subpoena was different from the discovery Plaintiff requested in its request for production served specifically to Edison.   Doc 137 at 7-8.   Therefore, Defendant failed to produce or respond to discovery in violation of the federal rules and the Middle District Discovery Practices.   The Court addressed this issue when it ruled on Plaintiff's motion to compel (Doc. 84).   Doc. 107 at 7.   The Court denied as moot Plaintiff's motion to compel because Edison responded to the subpoena and produced several pages of documents to Plaintiff.   *Id.*   To the extent that the documents did not cover items requested in Plaintiff's request for production, Edison has since provided that information as well.   *Id.*   Thus, there has been no violation of the Middle District Discovery Practices, and there is no evidence that Defendant has withheld or destroyed discoverable information.

Rule 37 of the Federal Rules of Civil Procedure permit the Court to impose sanctions for a party's failure to cooperate in discovery or failure to comply with a court order.   Fed. R. Civ. Pro. 37.   Here, the Court previously ruled that both School Board and Edison complied with Plaintiff's discovery requests and court orders.

Docs. 107; 128. Thus, there have been no discovery violations, and sanctions against the School Board and Edison are not warranted.

The issues raised by Plaintiff in the Motions for Sanctions are the same discovery issues the Court previously addressed. Plaintiff is cautioned that he could be subject to sanctions for filing frivolous motions. Fed. R. Civ. Pro. 11. Although Plaintiff is currently proceeding *pro se*, it is mandatory that he proceed in accordance with Federal and Local Rules. *Loren v Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they must follow procedures). Failure to comply with the Court's Orders or the Federal or Local Rules could result in sanctions.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Sanctions Against Defendant School Board of Lee County for Non-Disclosure, Intentional Hide [*sic*] Discoverable Documents and in Bad Faith Filing Non-True Statements in Court and Incorporated Memorandum of Law (Doc. 130) is **DENIED**.

      2.      Plaintiff's Motion for Sanctions Against Defendant Edison State College for Non-Disclosure, Intentional Hide [*sic*] Discoverable Documents and in Bad Faith Filing Non-True Statements in Court and Incorporated Memorandum of Law (Doc. 137) is **DENIED.**

      **DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of June, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record