UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTIAGO MANUEL A., individually and on behalf of SA,

    Plaintiff,

v.                                    Case No: 2:13-cv-781-FtM-29CM

DALE JAMISON, BRIAN BOTTS, Dr., School Principal (Edison Collegiate High School), EDISON STATE COLLEGE, Lee Campus, and SCHOOL BOARD OF LEE COUNTY,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of the file and the pending motions. Plaintiff has filed two objections to the Magistrate Judge's June 10, 2015, Order (Doc. #157); a Motion to Vacate the Referral of this Matter to a Magistrate Judge (Doc. #170), an objection to the Magistrate Judge's July 22, 2015 Order (Doc. #169), and a miscellaneous Motion for Court's Attention (Doc. #175). Also before the Court are plaintiff's requests for leave to file replies, and a Motion for Sanctions Against Defendants' Counsel for Discovery Violations and for Violations of Rule of Professional Conduct (Doc. #177) filed on August 25, 2015. Each motion is addressed below.

*Replies*

As a preliminary matter, plaintiff seeks leave to file two replies in support of the two objections to the Magistrate Judge's June 10, 2015, Order (Doc. #157), a reply as to his Motion to Vacate the Referral of this Matter to a Magistrate Judge (Doc. #170), and a reply in support of his objection to the Magistrate Judge's July 22, 2015 Order (Doc. #169).  A reply is only permitted with leave of Court, M.D. Fla. R. 3.01(c), and is therefore within the Court's discretion.  Upon review, the Court finds that no replies are required.

To the extent that plaintiff wishes an opportunity to respond to defendants' request for sanctions based on plaintiff's repeated and frivolous filings, the motions for leave to reply are moot because defendants' request is denied below, albeit without prejudice.[1]  In the exercise of the Court's discretion the motions for leave to reply will be denied.  (See Docs. ## 163, 164, 173, 176.)

*Objections*

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider or review the Magistrate Judge's Order on a pretrial matter if

---

[1] To the extent that the request for attorney's fees and costs is denied without prejudice, plaintiff will have an opportunity to respond if a renewed motion is filed.

shown that it was clearly erroneous or contrary to law. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

Although plaintiff seeks a *de novo* review of the Magistrate Judge's Orders, plaintiff is not entitled to a *de novo* review of pretrial, nondispositive matters. United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(a). Therefore, the request for a *de novo* review is denied as to both appealed orders.

*1. June 10, 2015, Order*

On June 10, 2015, the Magistrate Judge issued an Order (Doc. #157) denying plaintiff's Motion for Sanctions Against Defendants School Board of Lee County (Doc. #130) and Motion for Sanctions Against Defendant Edison State College (Doc. #137) because no discovery violations were found, and there was no evidence that defendant withheld or destroyed discoverable information. As a result, no sanctions were imposed and plaintiff was cautioned that he himself could be subject to sanctions for continuing to raise the same discovery objections over and over again.

In response, plaintiff filed Objections for "Non Disclosure, Intentional Hide Discoverable Documents and in Bad Faith Filling

Non-True Statements in Court". (Docs. ##158, 159.)[2] Defendants School Board of Lee County and Edison State College each filed a Response in Opposition, and therein seek attorney's fees and costs for repeatedly responding that they have complied. (Docs. ## 161, 162.) . Generally, the objections are that the Magistrate Judge's Order is inconsistent with Fed. R. Civ. P. 26 and 34 because plaintiff is not satisfied with the documents that were produced, even though defendants state that they have now fully complied with all requests, and the Magistrate Judge found that the requests to compel were moot even though the production was incomplete and/or nonresponsive to the specific requests. Most of the arguments presented in the objections are outside the scope of the appealed Order denying sanctions, and in fact relate back to the denial of plaintiff's motions to compel in November 2014 and January 2015. (See Docs. ## 107, 120, 121, 128.) The June 10, 2015 Order in question is limited to whether sanctions were appropriate, and the Magistrate Judge found they were not because defendants had complied with discovery requests. To the extent that plaintiff is seeking to revisit those rulings, or to revisit the reconsideration of the rulings, the objections are clearly

---

[2] The second objection is substantially the same as the first objection, but with additional background and one is directed at the School Board of Lee County and the other to Edison State College.

untimely.  To the extent that the previous rulings are discussed only as background to reinforce why sanctions should have been imposed, the objections are overruled.  There is nothing clearly erroneous or contrary to law with the denial of sanctions.  As noted by the Magistrate Judge, if plaintiff continues to raise the same discovery issues without also presenting new evidence that defendants are concealing evidence, plaintiff will be subject to sanctions in the form of defendants' attorney's fees and costs.  The Court will deny defendants' request for fees and costs at this time, but without prejudice to re-filing a motion if appropriate.

   2. *July 22, 2015 Order*

   On July 22, 2015, the Magistrate Judge issued an Order (Doc. #169) granting an extension of the deadline to file dispositive motions because a ruling on the next round of motions to dismiss may determine or narrow the issues, and whether a summary judgment motion is appropriate.  No other deadlines were extended by the Order.

   Plaintiff filed an Objection to Magistrate Judge's Order; Motion for Review By District Judge (Doc. #171) and defendants filed a Response in Opposition (Doc. #174) and also request sanctions against plaintiff.  Plaintiff's objection is without basis as there is nothing clearly erroneous or contrary to law about finding good cause more than once to grant an extension of

a deadline, and because there is no prejudice to plaintiff. The Court has not yet addressed the pending motions to dismiss, and a resolution of the motions will greatly impact whether the case will proceed to summary judgment or trial. The objection will be overruled. Defendants' request for sanctions will be denied at this time.

*Motion to Vacate the Referral*

Plaintiff argues that he did not consent to the United States Magistrate Judge, or agree to the assignment of the case to Magistrate Judge Carol Mirando. Plaintiff further argues for Judge Mirando's recusal based on her prior employment, bias against plaintiff, and contrary rulings. (Doc. #170.) Defendants filed a Response in Opposition (Doc. #172).

*1. Referral*

A magistrate judge may be designated to hear and determine any pretrial matter pending before the Court. 28 U.S.C. § 636(b)(1)(A). Additionally, magistrate judges are authorized to perform additional duties that "are not inconsistent with the Constitution and laws of the United States." M.D. Fla. R. 6.01(a). This includes "Supervision and determination of all pretrial proceedings and motions made in civil cases including, without limitation, rulings upon all procedural and discovery motions, and conducting pretrial conferences. . . ." M.D. Fla. R. 6.01(c)(18).

"The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection." 28 U.S.C. § 636(c)(4).

The Court finds that the Orders appealed were within the powers of the magistrate judge, and as explained above, not clearly erroneous or contrary to law. The case remains assigned to the undersigned as the presiding judge for all dispositive matters, and plaintiff's consent is not required for the Magistrate Judge to review pretrial and non-dispositive matters. The Court finds no extraordinary circumstances to support vacating the referral in this case. Therefore, the motion to vacate the assignment of the case to Magistrate Judge Carol Mirando is denied.

*2. Recusal and Bias*

Plaintiff also argues bias and a lack of impartiality. Plaintiff has previously sought to substitute the magistrate judge with another magistrate judge, and has also sought recusal of Magistrate Judge Carol Mirando. The undersigned denied substitution noting that unfavorable rulings are not a basis for substitution or reassignment, and Magistrate Judge Mirando denied the request to recuse herself. (Docs. ## 91, 131.)

Any judge, including a magistrate judge, "shall disqualify [her]self in any proceeding in which [her] impartiality might

reasonably be questioned." 28 U.S.C. § 455(a). "The inquiry of whether a judge's impartiality might reasonably be questioned under § 455(a) is an objective standard designed to promote the public's confidence in the impartiality and integrity of the judicial process. [ ] Thus, the court looks to the perspective of a reasonable observer who is *informed of all the surrounding facts and circumstances*." In re Evergreen Sec., Ltd., 570 F.3d 1257, 1263 (11th Cir. 2009) (internal citations omitted)(emphasis in original). Adverse rulings are rarely grounds for recusal. In re Walker, 532 F.3d 1304, 1311 (11th Cir. 2008)(citing Liteky v. United States, 510 U.S. 540, 554 (1994)).

The Court finds that a reasonable observer would not find that Magistrate Judge Carol Mirando's impartiality is reasonably questionable. Regardless of her prior employment, there is no evidence that the rulings on discovery and extensions of time stem from bias against individuals who file suit against an educational institution. This issue will not be revisited a fourth time, and the motion is denied.

*Motion for Court's Attention*

Plaintiff filed a Motion seeking to bring the Court's attention to his "numerous reasonable efforts" to confer with defendants' counsel pursuant to M.D. Fla. R. 3.01(g) without response, and for reimbursement of costs in preparing the motion

to raise the issue. Plaintiff further seeks an admonishment against defendants' counsel "for failure to comply with its obligations." (Doc. #175.) Defendants filed a Response in Opposition (Doc. #178) seeking sanctions for plaintiff's conduct towards counsel, and the misrepresentations to the Court.

Plaintiff refers specifically to August 21, 2015, when he made multiple calls, sent a facsimile, and sent an email to counsel, but states he did not hear back from counsel. Counsel indicates that he responded within hours of all the correspondence and attached the date stamped e-mail, facsimile, and responsive e-mail as evidence. It would appear that plaintiff's motion is unfounded and without basis, and therefore the motion will be denied. Plaintiff will be provided an opportunity to file a reply to respond to defendants' request for sanctions.

*Motion for Sanctions*

On August 25, 2015, as the Court was attempting to address the various pending matters, plaintiff filed a Motion for Sanctions Against Defendants' Counsel for Discovery Violations and for Violations of Rule of Professional Conduct (Doc. #177). In light of the cautions above that sanctions may be imposed against plaintiff, the Court will provide plaintiff an opportunity to withdraw the motion before it is considered on the merits.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motions for Leave to File a Reply (Docs. ## 163, 164, 173, 176) are **DENIED**.

2. Plaintiff's Objections for "Non Disclosure, Intentional Hide Discoverable Documents and in Bad Faith Filling Non-True Statements in Court" are (Docs. ## 158, 159) are **OVERRULED.**

3. Plaintiff's Objection to Magistrate Judge's Order; Motion for Review By District Judge (Doc. #171) is **OVERRULED.**

4. Plaintiff's Motion to Vacate the Referral of This Matter to a Magistrate Judge (Doc. #170), construed as containing a motion for recusal of the magistrate judge, is **DENIED** in its entirety.

5. Plaintiff's Motion for Court's Attention (Doc. #175) is **DENIED**, however plaintiff shall file a reply to defendants' request for sanctions contained in the Response in Opposition (Doc. #178) within **FOURTEEN (14) DAYS** of this Order.

6. In light of the above rulings, plaintiff will be provided an opportunity to withdraw his Motion for Sanctions Against Defendants' Counsel for Discovery Violations and for Violations of Rule of Professional Conduct (Doc. #177) within **FOURTEEN (14) DAYS** of this Order.  If not withdrawn,

defendants shall file their response within **SEVEN (7) DAYS** thereafter.  The motion will be referred to the Magistrate Judge for resolution.

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of August, 2015.

/s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record