UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTIAGO MANUEL A., individually
and on behalf of SA

      Plaintiff,

v.                                                        Case No: 2:13-cv-781-FtM-29CM

DALE JAMISON, BRIAN BOTTS,
EDISON STATE COLLEGE and
SCHOOL BOARD OF LEE
COUNTY,

      Defendants.

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff's Motion Requesting Leave to File Amended Complaint and to File Supplemental Pleading (Doc. 179), filed on August 26, 2015. Defendant filed a response in opposition. Doc. 186. Plaintiff *pro se* seeks leave to file an amended complaint "to cure deficiencies in the Plaintiff's Second Amended Complaint, in relation with [sic] Federal Rules of Civil Procedures [sic], and to file important supplemental pleadings." Doc. 179 at 1. For the reasons set forth below, it is recommended that the motion be denied.

On November 4, 2013, Plaintiff filed his original complaint on behalf of himself and his minor son alleging violations of Title VI of the Civil Rights Act of 1964. Doc.

---

[1] A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

1 at 2. Defendants moved to dismiss the complaint. Docs. 20, 21, 22. The district court dismissed the complaint without prejudice as to Plaintiff's minor son because, although Plaintiff can represent himself *pro se*, he cannot represent his minor son as he is not authorized to practice law. Doc. 88 at 2-3. The remainder of the complaint also was dismissed without prejudice because it was a "shotgun" pleading. *Id.* at 3-4. The court also found that the complaint failed to state claims against each of the Defendants. *Id.* 11-17. The court allowed Plaintiff to file an amended complaint.

Plaintiff filed his first amended complaint on September 22, 2014. (Doc. 98) Defendants again moved to dismiss the amended complaint. Docs. 99, 100, 101, 102. Before the court ruled on Defendants' motions to dismiss, on April 10, 2015, Plaintiff filed a motion for leave to file a second amended complaint as a curative action in response to Defendants' motions to dismiss. Doc. 142 at 1. Defendants opposed the motion because it was filed well after the July 14, 2014 deadline to amend pleadings. Doc. 143 at 3. Additionally, Plaintiff failed to attach a copy of the proposed amendment as required by the rules. *Id.* The district court, however, recognizing that Plaintiff was proceeding *pro se* and, at that time, the case still was in the early stages, allowed Plaintiff an additional opportunity to amend his complaint. Doc. 144 at 2-3.

Plaintiff filed his second amended complaint on May 5, 2015. Doc. 146. Defendants filed motions to dismiss, which are pending before the district court. Docs. 148, 149, 150, 151. Defendants also have filed a motion for summary judgment, also which is pending before the district court. Doc. 184.

Plaintiff filed the present motion for leave to file a third amended complaint seeking to cure deficiencies in the second amended complaint and to file additional supplemental pleadings. Doc. 179 at 1. Additionally, Plaintiff states that he learned of more violations perpetrated by Defendants that are related to occurrences that gave rise to the original pleading. *Id.* at 2. Accordingly, Plaintiff requests to amend his complaint. *Id.*

Defendants respond that Plaintiff's motion should be denied because "it fails to set forth how he wishes to amend the complaint, but rather simply states in conclusory fashion that Plaintiff seeks to 'cure deficiencies in Plaintiff's Second Amended Complaint' and to 'file important supplemental pleadings.'" Doc. 186 at 3. Defendants state that Plaintiff failed to identify which deficiencies he intends to cure and fails to specify the nature of the supplemental pleadings. *Id.* Moreover, Plaintiff again failed to attach to the motion a copy of the proposed amendment. *Id.* Plaintiff's motion also was filed well after the deadline to amend pleadings. *Id.* at 4.

Plaintiff filed this most recent motion on August 26, 2015, seeking leave to file a third amended complaint. Doc. 179. Although, Plaintiff is proceeding *pro se*, and the Court construes his pleadings liberally, he must still comply with the procedural rules, particularly when previously he has been cautioned. *Hope v. Bureau of Prisons*, 476 F. Appx. 702, 704-05 (11th Cir. 2012). *Pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. Appx. 326, 327 (11th Cir. 2007) (per curiam). Accordingly, *pro se* litigants are still expected to satisfy

certain pleading criteria. *See Zabriskie v. City of Orlando*, No. 6:10-cv-1090-Orl-22DAB, 2010 WL 3259394, at *1 (M.D. Fla. July 27, 2010).

Similar to Plaintiff's first motion for leave to amend, Plaintiff failed to attach a copy of the proposed amended complaint as required by Local Rule 4.01. The district court noted in its order that Plaintiff failed to attach a copy of the proposed document and that the motion to amend was filed well after the deadline to amend pleadings. Doc. 144 at 2. The court, however, allowed Plaintiff to amend to cure any deficiencies because at that time the case was in early stages of litigation. *Id.*

This case is no longer in early stages of litigation. The parties have engaged in extensive discovery and filed dispositive motions and responses. *See* Docs. 184, 203. Moreover, this is a Track Two case, and it is the goal of the court that trial be completed within two years after filing the complaint. M.D. Fla. Rule 3.05(c)(2)(E). This case is nearly two years old, as the complaint was filed on November 4, 2013. Doc. 1. To allow Plaintiff an additional amendment and reopen discovery would cause unreasonable delay at this late stage of the litigation.

Additionally, Plaintiff has been cautioned that although he is proceeding *pro se* he must still comply with the federal and local rules. *See* Doc. 157 at 8. Here, Plaintiff has again failed to comply with Local Rule 4.01 when he failed to attach a copy of the proposed amendment. Moreover, Plaintiff already has been afforded two opportunities to amend his complaint to cure any deficiencies. *See* Docs. 88, 144.

The Eleventh Circuit states, "[u]nder Rule 41(b), a court has authority to dismiss actions for, *inter alia*, failure to obey court orders." *Birdette v. Saxon Mortg*,

502 Fed. Appx. 839, 840 (11th Cir. 2012) (citation omitted). The appellate court noted that a Plaintiff should at least be provided one opportunity to amend before the court dismisses a case with prejudice. *Id.* When there has been repeated failure to cure deficiencies in previously allowed amendments, however, the court need not allow additional amendments. *Id.* Due to the repeated failure to cure the deficiencies, Plaintiff's Motion for Leave to Amend should be denied.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

Plaintiff's Motion Requesting Leave to File Amended Complaint and to File Supplemental Pleading (Doc. 179) be **DENIED**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 30th day of October, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record