UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTIAGO MANUEL A., individually
and on behalf of SA

       Plaintiff,

v.                                Case No:   2:13-cv-781-FtM-29CM

DALE JAMISON, BRIAN BOTTS,
EDISON STATE COLLEGE and
SCHOOL BOARD OF LEE
COUNTY,

       Defendants.

_____

## ORDER

Before the Court is Plaintiff's Memorandum in Support of Motion to Allow Time for Discovery Under Rule 56(g) (Doc. 203), filed on October 28, 2015. Defendants responded in opposition.   Doc. 220.   Plaintiff also filed a Motion for Leave to File a Reply.   Doc. 229.   For the reasons set forth below, Plaintiff's motions are denied.

Plaintiff initiated this action against the Defendants on November 4, 2013. Doc. 1.   Since that time, the parties have conducted extensive discovery.   On July 22, 2014, Plaintiff filed his first motion to compel against Ron Dente, Assistant Regional Counsel and Human Resources Director of Edison State College ("Edison"). Doc. 53 at 3.   Plaintiff alleged that Mr. Dente failed to respond to a properly served subpoena.   Doc. 53 at 1.   Edison responded on behalf of Mr. Dente that because the subpoena was served on a represented party, Edison treated the subpoena like a

request for production.   Doc. 57 at 1.   Edison not only responded to the request but provided Plaintiff the opportunity to inspect Edison's property on July 11, 2014. Doc. 57 at 2.   Based on Edison's response, the Court denied without prejudice Plaintiff's motion to compel because it failed to state how Edison failed to respond to the discovery when it appeared, according Edison, that they had complied with Rule 34 of the Federal Rules.   Doc. 59 at 2.

Plaintiff filed a second motion to compel against Ron Dente for failure to comply with the subpoena.   Doc. 63.   This motion was stricken by the Court because the motion failed to comply Local Rule 3.01(g) and it failed to set forth the numerical requests with which Defendant failed to comply.   Doc. 67 at 2.   The Court's prior Order (Doc. 59) instructed Plaintiff that failure to comply with Local Rule 3.01(g) would result in his motion being stricken.   Doc. 59 at 2.

Plaintiff then filed motions to compel against both the School Board of Lee County ("School Board") and Edison alleging that they have refused to respond to the requests for production he served on July 5, 2014.   Docs. 83; 84.   Edison responded that these requests were identical to the subpoena it construed as a request and responded to.   Doc. 97 at 2.   Edison indicated that it responded to the subpoena and has since responded to the request for production in its entirety.   *Id.*   The School Board did not file a response to the motion to compel.

On November 21, 2014, the Court issued an Order (Doc. 107) addressing various motions[1] filed by Plaintiff, including the motions to compel against the School Board and Edison.   As to the School Board, the Court thoroughly examined the 39 categories of documents requested by Plaintiff and concluded that any of the relevant documents would likely be in SA's student file and within the OCR investigation file, which the Court ordered to be produced.   Doc. 107 at 6.   The Court also noted that the School Board is not likely to have the student file.   *Id.*   It likely would be in Edison's possession.   *Id.*   The Court ordered the School Board to produce any documents it had concerning the April 25, 2012 incident and that if it did not have certain documents, it should affirmatively state it did not.   Doc. 107 at 6-7.

The Court denied Plaintiff's motion to compel as to Edison because Edison responded to the subpoena served on Mr. Dente and produced several pages of documents to Plaintiff.   Doc. 107 at 7.   Edison also stated that to the extent everything was not produced when it responded to the subpoena, it had since responded to the entirety of the request for production.   *Id.*   Therefore, the Court

---

[1] The motions included: Plaintiff's Motion to Compel Non-Party Brian Gnandt to Comply with Properly Served Subpoena (Doc. 80); Plaintiff's Motion to Compel Dale Jamison ("Jamison") to Respond Fully to Plaintiff's Interrogatories (Doc. 82), to which Defendant Jamison responded (Doc. 95); Plaintiff's Motion to Compel School Board of Lee County to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 83); Plaintiff's Motion to Compel Edison State College to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 84), to which Defendant Edison responded (Doc. 97); Plaintiff's Motion to Compel Brian Botts ("Botts") to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 85), to which Botts responded (Doc. 94); Plaintiff's Motion to Compel Botts to Respond Fully to Plaintiff's Interrogatories (Doc. 86), to which Botts responded (Doc. 93); Plaintiff's Motion to Compel Jamison to Respond Fully to Plaintiff's Request for Production of Documents (Doc. 87), to which Jamison responded (Doc. 96).

denied Plaintiff's motion to compel as moot.   *Id.*   Plaintiff subsequently filed a motion for reconsideration of the Court's denial of the motion to compel against Edison.   Doc. 108.   The Court denied this motion because Plaintiff failed to set forth any new law or facts to convince the Court to reverse the prior decision.   Doc. 120.

Next, Plaintiff filed a second motion to compel against the School Board for failure to comply with the July 5, 2014 discovery requests.   Doc. 117.   The School Board stated that it responded to the discovery requests on December 5, 2014.   Doc. 124 at 6.   Moreover, the School Board stated the documents either do not exist or have already been produced to Plaintiff in this litigation.   Doc. 124 at 2.   Plaintiff has been provided every document in the School Board's possession that is responsive to his requests.   Doc. 124 at 6.   The Court held that the School Board's responses were proper, and therefore the motion to compel was denied.   Doc. 128 at 2-3. Additionally, the Court held that "request numbers 24, 26, 27, 29, 30, 31, 32, 33, 34, 35, and 36 are argumentative and seek to have the School Board admit liability and wrongdoing."   Doc. 128 at 3.

Plaintiff then filed motions for sanctions against the School Board and Edison alleging that they intentionally hid documents in bad faith.   *See* Docs. 130, 137. This was yet another attempt by Plaintiff to obtain information that the School Board and Edison either had produced or represented did not exist.   Accordingly, the Court denied the motions for sanctions and cautioned Plaintiff about filing motions related to discovery issues previously addressed by the Court.   Doc. 157 at 8.

Notwithstanding the foregoing and the Court's admonitions, Plaintiff has filed the present motion seeking the same discovery the Court previously has addressed or more than one occasion.   Plaintiff continues to allege that he does not have all of the requested discovery nor has he been given full access to documents and the information requested.   Doc. 203 at 1.   Plaintiff requests that the Court deny Defendant's Motion for Summary Judgment (Doc. 184) so that Plaintiff may conduct additional discovery to properly respond to the motion.   Doc. 203 at 1.   Plaintiff alleges that he cannot be expected to present the facts necessary to justify his opposition without full access to the documents and information requested.   *Id.* Plaintiff states that Defendants failed to properly respond to Plaintiff's interrogatories, requests for admissions and request for production; and without this information, he cannot respond to the motion for summary judgment.   *Id.* at 4.

Defendants respond that Plaintiff's motion should be denied because Plaintiff has been afforded the opportunity to conduct discovery and has refused to do so, and he has refused to accept the Court's rulings on the motions directed at the same discovery requests.   Doc. 220 at 2.   Defendants also allege that at no time did Plaintiff request any depositions but instead he chose to file numerous motions and challenge every discovery ruling issued by the Court.   *Id.* at 2-3.   Accordingly, Defendants request that Plaintiff's motion be denied.

Federal Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may allow time to obtain affidavits or declarations or to take

discovery." Fed. R. Civ. P. 56(d)(2). Here, Plaintiff has had a substantial amount of time to conduct discovery. Moreover, the discovery requested by Plaintiff has been addressed by the Court. Additionally, Plaintiff's response that he cannot present facts essential to his opposition to the motion for summary judgment is disingenuous because Plaintiff has responded in opposition to the motion. *See* Doc. 206.

The Court also notes that this case is set for trial term beginning January 4, 2016. Doc. 145. This case is no longer in the early stages of litigation. The parties have engaged in extensive discovery and filed dispositive motions and responses. *See* Docs. 184, 206. Moreover, this is a Track Two case and it is the goal of the court that trial be completed within two years after filing the complaint. M.D. Fla. Rule 3.05(c)(2)(E). This case is over two years old, as the complaint was filed on November 4, 2013. Doc. 1. To reopen discovery would cause unreasonable delay and prejudice to Defendants at this late stage in the litigation when Plaintiff has had ample opportunity to conduct the necessary discovery. Accordingly, Plaintiff's motion to allow time for discovery is denied.

Also before the Court is Plaintiff's Motion for Leave to File Reply. Doc. 229. Plaintiff requests leave to file a reply of no more than twenty (20) pages. *Id.* at 2. The Court has considered Plaintiff's Motion to Allow Time for Discovery, Defendants' response, and Plaintiff's motion for leave to file reply, and does not believe that additional briefing will aid its resolution of the underlying motion to for discovery. *See Schumann v. Collier Anesthesia, P.A.*, No. 2:12-cv-347-FtM-29CM, 2014 WL

1230644, *4 n.3 (M.D. Fla. Mar. 25, 2014) (denying leave to file a reply brief where such brief would not aid the Court's resolution of the underlying motion).

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Plaintiff's Memorandum in Support of Motion to Allow Time for Discovery Under Rule 56(g) (Doc. 203) is **DENIED**.

2.     Plaintiff's Motion for Leave to File Reply to Defendant's Response in Opposition to Plaintiff's Memorandum in Support of Motion to Allow Time for Discovery (Doc. 229) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 3rd day of December, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 7 -