```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

SANTIAGO MANUEL A.,

      Plaintiff,

v.                        Case No: 2:13-cv-781-FtM-29CM

DALE JAMISON, BRIAN BOTTS, Dr., School Principal (Edison Collegiate High School), EDISON STATE COLLEGE, Lee Campus, and SCHOOL BOARD OF LEE COUNTY,

      Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on defendant Brian Botts' Motion to Dismiss (Doc. #148), defendant Edison State College's Motion to Dismiss (Doc. #149), defendant Dale Jamison's Motion to Dismiss (Doc. #150), and defendant School Board of Lee County's Motion to Dismiss (Doc. #151) filed on May 18, 2015. Plaintiff filed Responses to each of the motions on June 1, 2015. (Docs. ## 153-156.)

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

## II.

The Second Amended Complaint (Doc. #146) alleges that plaintiff Manuel A. Santiago (plaintiff or Santiago) was born in Cuba and is a naturalized citizen residing in Lee County, Florida. Defendant Dr. Brian Botts (Botts) is the Principal at Edison Collegiate High School (Edison High), a Charter School operated by Edison State College (Edison College).  The High School is managed and operates under the authority of the Lee County School Board (School Board).  Defendant Dale Jamison (Jamison) is a Social Studies Teacher at Edison High.

Plaintiff alleges that his son was disciplined at school for conduct during Jamison's class.  On or about April 26, 2012, plaintiff met with Botts and Jamison regarding the disciplinary actions.  As a result of the meeting, plaintiff's son's 10 days out of school suspension for leaving class was reduced to 2 days of lunch time detention; however, Santiago's son was also excluded

from participation in the National Honor Society Inaugural Induction Ceremony. After the meeting, plaintiff contacted the Director of Grand and Liaison Charter Schools for the School District, who declined to conduct an investigation. Plaintiff also wrote a letter to the President of Edison College, who sought statements from other unnamed students in Jamison's class prior to meeting with plaintiff. Copies of the original statements were not provided to Santiago so he could verify the belief that one of the students who made a statement was not even present at the time of the incident. On May 17, 2012, the President e-mailed Botts to support his decision to not comply with plaintiff's public records requests.

Plaintiff alleges that he was deprived of the knowledge of mentoring opportunities for his son and incurred unnecessary expenses, late fees, and other costs for tests. Plaintiff also alleges that he has suffered health consequences, a loss of enjoyment of life, severe emotional distress, mental anguish, and financial loss as a result of the treatment of his son. Plaintiff states that he exhausted his remedies, and received no responses from School Board member Jeanne S. Dozier, District Superintendent of Schools Dr. Nancy Graham, or members of the Board of Trustees for Edison College before finally filing suit.

### *III. Motions to Dismiss - Generally*

In the Second Amended Complaint (Doc. #146), plaintiff addressed the shotgun pleading issue by deleting the incorporation and re-incorporation of all counts into each subsequent count. As a result, none of the Counts reference or incorporate any of the factual allegations, and each count includes only some repetitive facts. That being said, plaintiff otherwise articulates a short and plaintiff statement as to his claims, if one considers the unincorporated general allegations, see Fed. R. Civ. P. 8(a)(2), and his *pro se* status. Therefore, the motions to dismiss will be denied on this basis.

### *IV.  Motions to Dismiss - Specific Counts*

**(1)  Counts I and III - 42 U.S.C. § 1983**

In Count I, plaintiff alleges that Jamison was not engaged in a discretionary function and clearly violated and interfered with a well-established right of his son to a beneficial public education. Plaintiff alleges that Jamison, acting under color of state law, abused his authority by refusing to close the window blinds in the classroom when asked to by plaintiff's son, and that it was for racially motivated reasons. Plaintiff further alleges that Jamison was not eligible to teach because he is a convicted felon, and therefore is not entitled to qualified immunity. Plaintiff asserts damages as a result of his son's deprivation of civil rights under 42 U.S.C. § 1983, including past and future

medical expenses, loss of enjoyment of life, emotional distress, mental anguish, and financial loss.

In Count III, plaintiff alleges that Botts exceeded his authority under the School Board's Code of Conduct to deprive his son of equal access to educational programs, including scheduled classes, for racially motivated reasons.  Plaintiff alleges that imposing an unjustified 10 days of suspension on his son without notifying plaintiff in violation of the Code of Conduct deprived Santiago of his civil rights causing damage, including past and future medical expenses, loss of enjoyment of life, emotional distress, mental anguish, and financial loss.

### *(a)   Plaintiff's Standing*

Standing is a "threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Dimaio v. Democratic Nat'l Comm., 520 F.3d 1299, 1301 (11th Cir. 2008) (citations omitted).  Standing requires plaintiff to have suffered an injury in fact, which is concrete and particularized and actual or imminent; with a causal connection between the injury and the conduct complained of; and it must be likely, not merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992).  To show an "injury in fact", plaintiff must allege an imminent injury, or one that is real and immediate, or a future injury that is likely to occur but is not too speculative.

31 Foster Children v. Bush, 329 F.3d 1255, 1265 (11th Cir. 2003). Plaintiff could have standing on behalf of another if he falls within the "zone of interests protected by the law invoked", and his "injuries are proximately caused by violations of the statute." Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1388 & 1390 (2014).

Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ." 42 U.S.C. § 1983. Section "1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979)). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" Baker, 443 U.S. at 140 (quoting 42 U.S.C. § 1983). Plaintiff alleges discrimination against his son based on national origin as the basis for his § 1983 equal protection claim.

Plaintiff alleges that Jamison singled out and sent plaintiff's son to the Principal's Office because he is Hispanic, and that the Principal called his son a troublemaker and imposed

disciplinary measures that had a disparate impact on his son and deprived his son of a right to an education and access to certain benefits. None of the allegations in the Second Amended Complaint support a claim that *plaintiff's* constitutional rights were violated.

Additionally, to state a cognizable claim, plaintiff must show a threat of immediate or future injury to himself. Once plaintiff's son graduated for high school, plaintiff's claims against the School Board became moot because plaintiff could not or would not have any continuing interest in the School Board's actions, unless he has other children in the school district, which is not alleged in this case. Doremus v. Bd. of Ed. of Borough of Hawthorne, 342 U.S. 429, 433 (1952). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969); Steele v. Van Buren Pub. Sch. Dist., 845 F.2d 1492, 1495 (8th Cir. 1988). Merely asserting incalculable emotional and physical damages from the stress of observing a constitutional violation is insufficient. The motions to dismiss will be granted as to defendants Jamison and Botts as to Counts I and III for lack of standing.

### (b) *Qualified Immunity*

"Qualified immunity protects government actors performing discretionary functions from being sued in their individual

capacities." Holmes v. Kucynda, 321 F.3d 1069, 1077 (11th Cir. 2003). It offers complete protection so long as the government actor's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To receive qualified immunity, a government official first must prove that he was acting within his discretionary authority." Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003). A discretionary function is a legitimate job-related function that is within the government employee's power to execute. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004). Once established, the burden then shifts to plaintiff to show that defendants are not entitled to qualified immunity. To do so, plaintiff must show that defendant violated a constitutional right that was clearly established at the time of the alleged violation. Id. at 1264 (citations omitted).

Plaintiff's allegations relate to conduct directed toward his son, and there are no allegations that these or other acts were committed against plaintiff. Further, there are no allegations that actions by Jamison or Botts as the Principal were anything outside of the normal, permissible, discretionary functions of a teacher [1] and principal, and no allegations that a clearly

---

[1] Plaintiff argues that Jamison could not have been acting within his discretionary function because he was improperly hired

established constitutional right *of plaintiff* was violated. Therefore, even if plaintiff could establish standing, the Court finds that defendants Jamison and Botts are entitled to qualified immunity as to Counts I and III.

**(2)  Title VI Claims - Counts II, IV, VII, XII**

Under Title VI of the Civil Rights Act of 1964,

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d (Section 601).  A private cause of action may be brought under this authority only for intentional discrimination.  To establish liability, plaintiff must show that defendants are recipients of federal financial assistance, and that defendants intentionally excluded plaintiff from participation in benefits or to benefits[2] on the basis of national origin.  Alexander v. Sandoval, 532 U.S. 275, 280 (2001). "Discriminatory intent may be established by evidence of such

---

in the first place.  Even if Jamison should not have been hired, discipline in the classroom is within the discretionary function of a teacher.  See, e.g., Peterson v. Baker, 504 F.3d 1331, 1337 (11th Cir. 2007) (use of force to block middle school student from leaving classroom was not obviously excessive); Holloman, 370 F.3d at 1267 (maintaining decorum in the classroom a discretionary function).

  [2] See also 34 C.F.R. § 100.3(b) (specific discriminatory actions prohibited).

factors as substantial disparate impact, a history of discriminatory official actions, procedural and substantive departures from the norms generally followed by the decision-maker." Elston v. Talladega Cty. Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir. 1993). No private cause of action exists under Section 601 to enforce regulations having a disparate impact. Id. at 285.

### (a) Individual Defendants

In Counts II and IV, plaintiff asserts claims against Jamison and Botts under Title VI of the Civil Rights Act of 1964 because Edison High receives federal funding. Plaintiff alleges that Jamison, as a teacher, has access or control of school funds, and that Botts as school principal was the one who applied for federal grants, and received, planned, and monitored Edison High's budget.

Even liberally construed, the Second Amended Complaint does not show that Jamison and/or Botts were the direct recipients of the federal funding, only that they are individuals who benefited from the funds, and this is insufficient for liability. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1169-1170 (11th Cir. 2003). Further, nothing supports plaintiff's standing to assert a violation of Title VI for the deprivation of access to programs or activities by his son on the basis of his son's national origin. The motions to dismiss will be granted, with prejudice, as to the individual defendants as to Counts II and IV.

    **(b)** *Entity Defendants*

In Counts VII and XII, plaintiff asserts the same Title VI claims against Edison College and the School Board based on defendants being recipients of federal assistance and the "intentional discriminatory actions" that occurred at Edison High. (Doc. #146, ¶¶ 89, 122.) More specifically, plaintiff alleges that Edison College was deliberately indifferent to the discriminatory practices of Edison High, and Edison College knew about past discriminatory disciplinary sanctions "against less disadvantaged members of the protected class." (Id., ¶¶ 90, 93.) Plaintiff asserts that Edison College was aware that the disciplinary practices of Edison High had a disparate impact on minority groups. (Id., ¶ 91.) Plaintiff alleges that Edison College's actions were intentional, and had a disproportionate effect on individuals of a specific race or national origin. (Id. ¶ 94.) Plaintiff alleges that Edison College receives financial assistance through federal grants, and is accountable for the violations of its employees. (Id., ¶ 15.) Plaintiff also alleges that Edison College sets and implements the policies and practices of Edison High. (Id., ¶ 14.)

As to the School Board, plaintiff alleges that School Board member Dozier and District Superintendent Dr. Graham ignored plaintiff and acted with deliberate indifference. (Id., ¶ 123.) Plaintiff alleges that the School Board intentionally violated

Title VI after deliberately failing to monitor and/or to investigate the violations at Edison High despite timely notice. (Id., ¶ 124.) Plaintiff alleges that the School Board's actions were intentional, and had a disproportionate effect on individuals of a specific race or national origin. (Id. ¶ 125.) Plaintiff alleges that the School Board receives financial assistance through federal grants, and is accountable for violations of Title VI by charter schools in its district. (Doc. #146, ¶ 17.) Plaintiff also alleges that the School Board monitors and evaluates charter schools, and their adherence to applicable statutes and regulations. (Id., ¶ 16.)

Even if a plausible claim is stated, the Court finds that plaintiff has not alleged facts which establish his standing to assert the Title VI claim against either defendant. Plaintiff does not allege a substantial disparate impact upon him as a parent, or that intentional acts of discrimination were directed at him, or prevented him from partaking in benefits subsidized by federal assistance. Therefore the motion to dismiss will be granted as to Edison College and the School Board as to the Title VI claims in Counts VII and XII.

**(3) State Law Claims**

The remaining counts (Counts V, VI, VIII, IX, X, XI, XIII, XIV, XV) set forth state law claims against various defendants. These claims are only in federal court because of the supplemental

jurisdiction statute, 28 U.S.C. § 1367(a).  Now that the Court has granted the motions to dismiss as to the federal claims, the Court will decline to exercise jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c)(2), (3).  All the federal question counts have been dismissed, and the remaining counts are entirely state law claims concerning the state educational system and its contracts and procedures.  Pursuant to 28 U.S.C. § 1367(d), the period of limitations for the state law claims being dismissed is tolled while the claims were pending in federal court and for 30 days after their dismissal, unless Florida law provides for a longer tolling period.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Brian Botts' Motion to Dismiss (Doc. #148) is **GRANTED** as to Counts III and IV, and otherwise **DENIED** as moot.

2. Defendant Edison State College's Motion to Dismiss (Doc. #149) is **GRANTED** as to Count VII and otherwise **DENIED** as moot.

3. Defendant Dale Jamison's Motion to Dismiss (Doc. #150) is **GRANTED** as to Counts I and II.

4. Defendant School Board of Lee County's Motion to Dismiss (Doc. #151) is **GRANTED** as to Count XII and otherwise **DENIED** as moot.

5. Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over the remaining state law causes of action.  Therefore, Counts V, VI, VIII, IX, X, XI, XIII, XIV, and XV are dismissed without prejudice.

6. The Clerk shall enter judgment accordingly, terminate all remaining motions and deadlines as moot, and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___8th___ day of April, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record