UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

SANTIAGO MANUEL A.,
individually and on behalf
of SA,

        Plaintiff,

v.                                    Case No: 2:13-cv-781-FtM-29CM

DALE JAMISON, BRIAN BOTTS,
Dr., School Principal
(Edison Collegiate High
School), EDISON STATE
COLLEGE, Lee Campus, and
SCHOOL BOARD OF LEE COUNTY,

        Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants' Motion for Attorney's Fees and Costs (Doc. #273) filed on April 22, 2016. Defendants also filed a Notice of Plaintiff's Refusal to Confer Regarding Motion for Attorney's Fees and Costs (Doc. #275). On April 29, 2016, plaintiff filed a Response (Doc. #278) in opposition. Defendants seek $74,967.50 in attorney fees and $1,570.25 in costs based on plaintiff's failure to accept proffered settlement proposals, and as the prevailing parties in the case. The motion for fees will be denied for the reasons stated below, however the request for costs will be granted in part.

## I. Judgment

Plaintiff initiated his Complaint (Doc. #1) on November 4, 2013, and was permitted to proceed *in forma pauperis*. (Doc. #6.) Defendants appeared and filed motions to dismiss on January 23, 2014. (Docs. ## 21-22.) A Case Management and Scheduling Order was entered, and on September 3, 2014, the Court issued an Opinion and Order (Doc. #88) finding that plaintiff could not proceed on behalf of his son, granting the motion to dismiss without prejudice to amending, and directing plaintiff to file an amended complaint. On September 22, 2014, an Amended Complaint (Doc. #98) was filed, and defendants responded by filing their motions to dismiss. The discovery disputes continued for some time, and on April 22, 2015, the Court granted plaintiff's request to file a second amended complaint. (Doc. #144.)

On May 5, 2015, plaintiff filed his Second Amended Complaint (Doc. #146), and defendants filed their motions to dismiss. On November 18, 2015, the Court adopted the Magistrate Judge's Report and Recommendation (Doc. #205) and denied leave to amend the complaint further. (Doc. #230.) Plaintiff filed numerous objections to discovery, and an interlocutory appeal as to the Opinion and Order denying leave to amend and as to an Order denying leave to reopen discovery. (Doc. #251.) The Court declined to certify the appeal, denied a request to stay pending appeal, and cancelled all further deadlines pending a decision on the pending

motions to dismiss. (Docs. ## 253, 264.) The appeal was dismissed for lack of jurisdiction. (Doc. #268.)

On April 8, 2016, the Court issued an Opinion and Order (Doc. #269) granting motions to dismiss in part in favor of defendant Brian Botts as to Counts III and IV, in favor of Edison State College as to Count VII, in favor of Dale Jamison as to Counts I and II, and in favor of the School Board of Lee County as to Count XII.[1] The motions were otherwise denied as moot as the Court declined to exercise jurisdiction over the state law claims (Counts V, VI, VIII, IX, X, XI, XIII) and dismissed the state law claims without prejudice to refiling in state court. Judgment (Doc. #270) was entered the same day. The Court's subject-matter jurisdiction was based on the presence of a federal question, and the Court granted judgment in favor of defendants on the federal claims. Plaintiff filed a Notice of Appeal (Doc. #271) on April 20, 2016, and the appeal remains pending. See 16-11854-E.

Defendants seek fees pursuant to Fed. R. Civ. P. 54 and 68; 28 U.S.C. § 1920; Fla. Stat. § 768.79, and Fla. R. Civ. P. 1.442.

---

[1] Counts I and III were brought under 42 U.S.C. § 1983, and dismissed for lack of standing, and in the alternative, for qualified immunity. Counts II, IV, VII, and XII were all brought under 42 U.S.C. § 2000d (Title VI) and dismissed because no private cause of action exists, and further dismissed with prejudice as to the individual defendants.

## II. Prevailing Party

"A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2). Absent statutory authority or an enforceable contract, recovery of attorney fees by even a "prevailing party" is ordinarily not permitted under the "American Rule." <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 257 (1975); <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 602 (2001).

The Court finds that defendants are prevailing parties. In any action to enforce a provision of Title VI of the Civil Rights Act of 1964 or Section 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). This award of fees may include expert fees. 42 U.S.C. § 1988(c). "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 (1983) (citing H.R. Rep. No. 94-1558, p. 1 (1976)). The Supreme Court has qualified the provision as to a prevailing *defendant* requiring a finding that plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978). A

district court "must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985) (citation omitted).  Cases where frivolity has been found are usually cases where "plaintiffs did not introduce any evidence to support their claims."  Id. at 1189 (collecting cases).  This determination is to be made on a case-by-case basis, and a non-exhaustive list of factors to be considered include: (1) whether plaintiff established a prima facie case; (2) whether defendant offered to settle; and (3) whether trial court dismissed the case prior to trial or held a trial on the merits.  Sullivan, 773 F.2d at 1189 (citations omitted).  See also Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1176-77 (11th Cir. 2005) (citing Sullivan, 773 F.2d at 1189).

Although the factors weigh heavily against plaintiff, it was entirely foreseeable that a father attempting to assert a claim on behalf of his son in good faith would reject an offer of $2.00 in exchange for a dismissal with prejudice of all of his claims. Further, the Court cannot find that the case was so frivolous and baseless as to warrant attorney's fees.  Plaintiff, who is *pro se*, had a standing issue but a subjective good faith belief in his cause, and the Court is not inclined to chill those rights. Granting attorney's fees to a prevailing defendant in this

particular case would run afoul of congressional intent, and unduly "shift the economic burden of litigation" onto plaintiff. Stouffer Hotel Co. v. Teachers Ins., 944 F. Supp. 874, 875 (M.D. Fla. 1995), aff'd, 101 F.3d 707 (11th Cir. 1996), and the Court. The motion for fees as a prevailing party will be denied.

**III. Offer of Settlement**

Attached to defendants' motion are Proposals for Settlement (Doc. #273, pp. 6-61) on behalf of each defendant offering $2.00 each in a single lump sum payment, half of which is for the claim for punitive damages in exchange for a general release and indemnity and a dismissal with prejudice.[2] "Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Fed. R. Civ. P. 68(b). Defendant seeks attorney fees pursuant to Rule 68, but more specifically under Fla. Stat. § 768.79 and Fla. R. Civ. P. 1.422.

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off

---

[2] Also submitted is the Affidavit of Bryan R. Snyder (Doc. #273, p. 62) and billing records.

> such costs and attorney's fees against the award.

Fla. Stat. § 768.79(a). "This rule applies to all proposals for settlement authorized by *Florida law*." Fla. R. Civ. P. 1.442(a) (emphasis added).

As stated above, defendants prevailed entirely based on federal claims. "Even without an express provision for preemption, the Supreme Court has found that State law must yield to a congressional act whenever Congress intends federal law to "occupy the field" or, even if Congress has not occupied the field, where there is nevertheless a conflict between a State law and a federal statute." Design Pallets, Inc. v. Gray Robinson, P.A., 583 F. Supp. 2d 1282, 1286 (M.D. Fla. 2008) (citation omitted). The Eleventh Circuit has determined that Fla. Stat. § 768.79 is substantive law for Erie[3] purposes, and several intermediate Florida state courts of appeal have held that Christiansburg prevents recovery under this section. Jones v. United Space All., LLC, 494 F.3d 1306, 1309, 1310 (11th Cir. 2007).

The cases cited by defendants are also distinguishable. Two of the cases were based on state law, and judgment was granted based on state law. See Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am., No. 12-81250-CIV, 2015 WL 419879, at *1 (S.D. Fla. Jan. 22, 2015) (summary judgment granted on breach of contract

---

[3] Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

claim); Gardner v. Ford Motor Co., No. 614CV508ORL18DAB, 2015 WL 9673582 (M.D. Fla. Dec. 11, 2015), report and recommendation adopted, No. 614CV508ORL18DAB, 2016 WL 97607 (M.D. Fla. Jan. 6, 2016) (jurisdiction based on diversity, and motion was denied). In the third case, where the Court also declined jurisdiction over the state claims, the motion was denied for failure to comply with the specificity requirements of Fla. Stat. § 768.79 and Fla. R. Civ. P. 1.442, and the issue of entitlement was not reached. Opalinsky v. Gee, No. 8:14-CV-2280-T-33TGW, 2016 WL 853137, at *4 (M.D. Fla. Mar. 4, 2016). The motion for attorney fees will be denied as Florida law does not apply to support the award.

**IV. Costs**

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Court does find that defendants, as prevailing parties, are otherwise entitled to statutory costs under 28 U.S.C. § 1920. The following types of costs may be taxed:

> **(1)** Fees of the clerk and marshal;
>
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for exemplification and the costs of making copies of any materials where the

> copies are necessarily obtained for use in the case;
>
> **(5)** Docket fees under section 1923 of this title;
>
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendants seek $1,570.25[4] in costs, which represents a portion of the total costs listed, and attached the Invoice from the deposition of plaintiff. (Doc. #273, pp. 126-128.) A portion of this amount is for photocopies, and $1,402.00 of this amount is for the deposition. Defendants make no argument regarding the necessity of the copies, see EEOC v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000), and no receipts were attached. Therefore, the copying costs will be denied.

Deposition costs simply for convenience or investigation are *not* recoverable. Id. at 620-621. Whether the costs are taxable "depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." Id. at 621 (citations omitted). This does not require the prevailing party to actually use it, just as long as there is "no evidence shows that the deposition was unrelated to an issue in

---

[4] The actual total of the photocopies and deposition based on the billing records is $1,594.85.

the case at the time it was taken." Watson v. Lake Cty., 492 F. App'x 991, 996–97 (11th Cir. 2012). The deposition of plaintiff was taken during discovery and would have become necessary for use in the case for summary judgment or trial. As the deposition was necessary for use in the case, the cost will be imposed without the additional $2.00 for a photocopy, for a total of $1,400.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion for Attorney's Fees and Costs (Doc. #273) is **DENIED** as to the request for attorney's fees and **GRANTED IN PART** as to the request for costs.
2. The Clerk shall enter judgment taxing costs against plaintiff in the amount of $1,400.00.

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of February, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record